THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD TANENHOLZ, Respondent, v. HARRY HOWARD DALE, as a City Magistrate, etc., and Others, Appellants.— Order sustaining writ of habeas corpus and discharging relator from imprisonment reversed upon the law and the facts, writ of habeas corpus dismissed, and relator remanded to custody. (See memorandum in *People ex rel. Morson* v. *Dale, ante,* p. 766, decided herewith.) Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS WEBER, EVELYN WALSH and CHARLES McCULLOUGH, Respondents, v. THE WARDEN OF THE CITY PRISON, etc., and the PEOPLE OF THE STATE OF NEW YORK, Appellants.— Order sustaining writ of habeas corpus and discharging relators from custody reversed upon the law and the facts, writ of habeas corpus dismissed, and relators remanded to custody, on authority of *People ex rel. Morson* v. *Dale* (*ante,* p. 766, decided herewith). Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

BARBARA RABINOWITZ, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.— Order setting aside verdict and granting new trial unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

GEORGE D. STANFIELD, Appellant, v. JOEL WOLFE THORNE, JR., by JOHN J. KIRBY, His Guardian ad Litem, Respondent.— Judgment unanimously affirmed, with costs. The will indicates that the testator had the situation of all his property very carefully in mind, and when he wished an after-acquired interest to pass he provided for it. He, however, made no such provision as to the property involved in this action. The testator devised all his right, title and interest in and to the parcel in question, but he particularly stated what that right, title and interest then was. " Whenever a testator refers to an actually existing state of things, his language should be held as referring to the date of the will, and not to his death." (*Wetmore* v. *Parker,* 52 N. Y. 450; *Gold* v. *Judson,* 21 Conn. 616.) And in order to carry after-acquired property to the devisee, there must be such language as will enable the court to see that the testator intended the devise to operate upon real estate which he should afterwards purchase. (*Lynes* v. *Townsend,* 33 N. Y. 558; *Gleason* v. *Norton,* 226 id. 679.) Section 14 of the Decedent Estate Law cannot be invoked in appellant's favor, for the testator did not devise all his real property in express terms, nor did he " in any other terms " denote his intent to do so. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.