(119 So. 678)

**WILLIS et al. v. BARROW et al.**

(1 Div. 516.)

Supreme Court of Alabama. Jan. 17, 1929.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellees.

Smiths, Young & Johnston, of Mobile, for appellants.

BOULDIN, J. (after stating the facts as above). The case is narrowed to a construction of the bequests to each of the three Autrey sisters in these words:

"One-third the money owned by me which is on deposit in the Troy Savings Bank of Troy, New York."

Eminent counsel on both sides treat the case as involving two inquiries, viz.:

(1) Are these demonstrative or specific legacies?

(2) If specific, did the withdrawal of the fund from the Troy Bank work an ademption of the legacies?

" 'A specific legacy is a bequest of a particular article or specific part of the testator's

estate which is so described and distinguished from all other articles or parts of the same as to be capable of being identified.' 'A demonstrative legacy is a bequest of money or other fungible goods, charged upon a particular fund in such way as not to amount to a gift of the corpus of the fund, or to evince an intention to relieve the general estate from liability in case the fund fail, and so described as to be undistinguishable from other things of the same kind.' 'A general legacy is a bequest chargeable upon the general estate, and not so given as to be distinguishable from other parts of the estate of the same kind,' or, as otherwise defined 'a general legacy is one of *quantity* merely, and includes all legacies not embraced within the definitions of specific and demonstrative legacies.' 13 Am. & Eng. Encyc. of Law pp. 10 et seq. and notes; 1 Brick. Dig. pp. 594–5, § 127 et seq.; Myer's Extr's v. Myers, 33 Ala. 85; Harper v. Bibb, 47 Ala. 547; Maybury et al. v. Grady et al., 67 Ala. 147." Kelly v. Richardson, Ex'r, etc., 100 Ala. 596, 13 So. 785, 790.

■ A demonstrative legacy bears some likeness to a specific legacy in that it is charged upon or its payment directed from a named fund, but it is in fact a type of general legacy, payable from the general estate, in case the specified fund fails. Myers v. Myers, 33 Ala. 89; Walton v. Walton, 7 Johns. Ch. (N. Y.) 258, 11 Am. Dec. 458, and note; Giddings v. Seward, 16 N. Y. 367.

■■ In the construction of wills, the law favors demonstrative or general rather than specific legacies, which are subject to extinguishment or ademption if the thing specified is not in being as part of the estate upon the death of the testator. This is but an application of the general rule that wills should be construed to uphold rather than defeat devises and bequests. Harper v. Bibb, 47 Ala. 547, 554; Gardner v. McNeal, 117 Md. 27, 82 A. 988, 40 L. R. A. (N. S.) 553, Ann. Cas. 1914A, 119; 28 R. C. L. p. 293, § 267.

■■ But all rules yield to, or may be considered in aid of, the primary rule, viz. find and give effect to the mind and purpose of the testator. The subject of these bequests is "the money owned by me which is on deposit" in a named bank. No amount of money is named, payable from a deposit. The thing given is identified, specified, and defined as apart from all other funds or property. Not the amount of money, but *the money* specified is to go to the beneficiaries named. Moreover, the testator could not have had in mind the payment of these bequests from other funds, if this fund was not available. All other funds, save $1,134.93, reserved probably for payment of debts, were bequeathed by other items of the will.

We are clear to the conclusion these are specific legacies. Kelly v. Richardson, supra; Myers v. Myers, 33 Ala. 87, 89; Maybury v. Grady, 67 Ala. 153; Prendergast v. Walsh, 58 N. J. Eq. 149, 42 A. 1049; Bullard v. Leach, 213 Mass. 117, 100 N. E. 58; Towle v. Swasey, 106 Mass. 100.

The question then recurs, Were these legacies adeemed by the transfer of the fund from the Savings Bank of Troy, N. Y., to the First National Bank of Mobile, Ala.?

The argument of appellants proceeds thus: A deposit on savings account creates the legal relation of debtor and creditor between banker and depositor; the testator is presumed to know this legal status; he had no specific money in the bank, but a debt against the banker; the bequest was, therefore, merely of the debt owing by the bank; the transfer of his deposit was payment by the Troy Bank; payment of a debt works ademption of a specific bequest of the debt. A will speaks as of the death of the testator; at that time there was no debt from the Troy Bank in existence; hence the subject-matter of the gift was no longer in being. We cannot concur in this process of reasoning.

■■ True, of course, the legal relation of debtor and creditor between banker and debtor exists in such case; true, also, this debt was paid upon presentation of passbook and draft to the Mobile Bank. As a rule, payment of a debt made the object of a specific legacy extinguishes the legacy by ademption. 28 R. C. L. pp. 347, 341; Walton v. Walton, 7 Johns. Ch. (N. Y.) 258, 11 Am. Dec. 456; note, 95 Am. St. Rep. 357; Little v. Ennis et al., 207 Ala. 111, 92 So. 167.

■ But a deposit in bank is more than an ordinary debt. Money on deposit in the popular sense is a thing, a fund subject to the depositor's call. Such also is the language of business. It is known as a *deposit*. It is so designated in law, carrying distinct legal qualities. Money is deposited. Money is to be returned. The banker cannot be called upon at any place. His undertaking is to have money at a designated place, ready to pass it through the window when demanded according to banking rules.

That the testator was thinking of this deposit as so much money rather than a mere chose in action is clear. He designates it "the money owned by me." In his thinking, this money was as distinctly a "thing" to be bequeathed as if it had been in a separate package.

We see no indication of a different intent in transferring this fund to another bank. The transfer was within about 6 weeks after making the will; the transferee bank had been named his executor, occupied a distinct position of trust. Significant is the fact that the identical fund was put in a separate savings deposit rather than commingled with a like savings deposit then in the same bank.

The authorities are much in conflict as to whether the intention of the testator in his subsequent acts is to be sought in passing

upon the question of ademption. See 28 R. C. L. 344, § 338; Elwyn·v. De Garmendia, 148 Md. 109, 128 A. 913, 40 A. L. R. 553, 556.

Not now endeavoring to determine which rule is supported by better reason, we limit our inquiry as to the intent of the will itself. Accordingly, we think the fact of his keeping this fund intact as a distinct entity in the bank he had recently chosen as the executor of his will is strongly indicative of his thinking of the fund itself as the object of his gift, and not the place of deposit. The place was merely descriptive; is still descriptive in connection with other agreed facts in identifying the fund bequeathed.

That a will speaks as of the death of the testator, in that title passes as of that date, is beyond question. Until then it is ambulatory and revocable. It looks forward to that event to take effect. Thereafter, the probate of the will as necessary evidence relates back to that event. It does not follow that in making a specific bequest matters of description are to be referred to the date of death.

A specific bequest, in the nature of it, usually deals with a thing in being when the will is executed. It is described by apt words of identification as of that date. We see no difficulty in the fact that the same description as to place of deposit did not obtain at the date of death.

We are at the conclusion these are specific bequests of a definite fund, which was kept intact, and now fully identified as the same "money" bequeathed. In such case there is no ademption. Prendergast v. Walsh, 58 N. J. Eq. 149, 42 A. 1049 (a case well reasoned and directly in point); Cornwell v. M. E. Church, 73 W. Va. 96, 80 S. E. 151; Elwyn v. De Garmendia, 148 Md. 109, 128 A. 913, 40 A. L. R. 553, and note 558; Wiggins v. Cheatham, 143 Tenn. 406, 225 S. W. 1040, 13 A. L. R. 169; Pope v. Hinckley, 209 Mass. 323, 95 N. E. 798; Walton v. Walton, 7 Johns. Ch. (N. Y.) 258, 11 Am. Dec. 456; 1 Roper, Legacies, 344, 345; 2 Redfield, Wills, 435.

The aim of the bill was to obtain instructions as to the disposition of the special fund in question, whether these specific legacies should be paid, or the fund go into the residuary estate. The court went a bit further and 'decreed the legatees were entitled to and should receive the fund in full, naming the amount.

This feature of the decree is assigned for error. The amount of the debts and costs of administration is not shown, nor was there occasion so to do. By way of precaution the decree will be here modified to show the legacies are subject to abatement, if need be, according to the applicable rule in such cases, in the event the residuary estate is insufficient to pay the debts of the estate and costs of administration.

As so modified, the decree is affirmed. Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.