In the Matter of the Accounting of THE NATIONAL BANK AND TRUST COMPANY OF NORWICH, as Executor of A. BERTSELL IRELAND, Deceased.

FRANK L. IRELAND et al., Appellants; LENA M. WHIT-MORE, Respondent.

(Argued June 4, 1931; decided July 15, 1931.)

*V. D. Stratton* for appellants. The bequest of the preferred stock constituted a specific legacy. (*Matter of Werle*, 91 Misc. Rep. 402; *Tift* v. *Porter*, 8 N. Y. 518; *Matter of Bergan*, 56 Misc. Rep. 92; *Holt* v. *Jex*, 48 Hun, 528; *Matter of Delaney*, 133 App. Div. 409; *Crawford* v. *McCarthy*, 159 N. Y. 514.) The sale of the preferred stock by the committee of the testator while the testator was living had the same force and effect as a voluntary sale by the testator and operated to adeem the legacy. (*Beck* v. *McGillis*, 9 Barb. 35; *Matter of Freer*, L. R. 22 Ch. Div. 622; *Jones* v. *Green*, L. R. 5 Eq. 555; *Holmes* v. *Goodworth*, 7 L. J. Ch. 28; *Miller* v. *Miller*, 25 Grant Ch. 224; *Hoke* v. *Herman*, 21 Penn. St. 301; *Blackstone* v. *Blackstone*, 3 Watts, 338; *Kenaday* v. *Sinnott*, 179 U. S. 606; *Matter of Brann*, 219 N. Y. 263; *Mentz* v. *Guaranty Trust Co.*, 247 N. Y. 137; *Matter of Coe*, 47 App. Div. 177; *Matter of Windmayer*, 74 App. Div. 336; *Brandreth* v.

*Brandreth*, 54 Misc. Rep. 158; *Matter of Carter*, 71 Misc. Rep. 406.) In the absence of any proof showing the real intention of the testator at the time the will was made a presumption which would not disinherit his children should be indulged in rather than a contrary presumption. (*Scott* v. *Guernsey*, 48 N. Y. 120; *Low* v. *Harmony*, 72 N. Y. 414; *Matter of Brown*, 93 N. Y. 299; *Soper* v. *Brown*, 136 N. Y. 251; *Bryer* v. *Finnen*, 178 App. Div. 673; *Matter of Knight*, 196 App. Div. 358.)

*Neil G. Harrison* for respondent. When testator was adjudged incompetent he became incapable of manifesting a legal intention. The committee could not change testator's intent, as manifested by his will, and the committee's conduct could not alter or revoke the bequest of the preferred stock. Hence, the legacy was not extinguished or adeemed by the committee's sale of the subject-matter thereof. (*Burnham* v. *Comfort*, 108 N. Y. 535; *Matter of Carter*, 71 Misc. Rep. 406; *Brandreth* v. *Brandreth*, 54 Misc. Rep. 158; *Wilmerton* v. *Wilmerton*, 176 Fed. Rep. 896; *Matter of Cooper*, 30 A. L. R. 673.)

CRANE, J. On November 1, 1928, A. Bertsell Ireland, a resident of Chenango county, became so weak and feeble both mentally and physically that his son Frank L. Ireland was appointed committee of his person and estate. At that time the testator owned ninety-four shares of the common stock of the Ireland Machine & Foundry Co., Inc., and fifty-six shares of the preferred stock. The committee needed money to support the incompetent, especially as the nurse was receiving eighty dollars a week, or three hundred and twenty dollars per month for her services. For this reason he sold the preferred stock for the sum of $4,480, and used the money for the support and maintenance of the incompetent until his death, March 1, 1929. The account of the committee was judicially settled in the County Court of Chenango county, and an order made directing him to

pay to the executor of the estate of the decedent the balance of cash remaining in his hands, amounting to $1,848.40.

When the will of the incompetent was opened it was found that he had left and bequeathed unto Lena M. Whitmore the preferred stock in the Ireland Machine & Foundry Co., Inc., which had been sold by the committee. The will was dated May 26, 1926, and was, therefore, executed more than two years prior to the appointment of the committee and the incompetency of the testator.

The bequest of all the preferred stock to Lena M. Whitmore was a specific legacy, and as. the stock was not in existence at the time the will took effect, or at the death of the testator, there was an ademption, extinction or withdrawal of the gift. A change in the nature of the property works an ademption. (*Matter of Brann*, 219 N. Y. 263; *Hoke* v. *Herman*, 21 Penn. St. 301.)

The Appellate Division was of the opinion that the intention of the testator was the governing factor in the case, and that as he had become incompetent to change or modify his will, his committee had no power to dispose of his property or, in this instance, the preferred shares, so as to work an ademption of the legacy. The rule as it existed at common law, and still exists, admits of no such exception. The property constituting the specific legacy had been sold; it had ceased to exist. The exact thing which was given by the will could not physically be passed on to the legatee. From the very nature of the case and of the gift the legacy became extinct.

In the absence of statute there is no power in the courts to change a specific into a general legacy or turn over the balance of the proceeds derived from the sale of the specific property to the legatee in place of the particular thing intended to be given. Out of the moneys received from the sale of the preferred shares by the committee there was left a balance over and above expenditures for the incompetent of $1,848.40, which was turned over to the

executor as part of the estate. To give this to Lena M. Whitmore in place of the preferred shares might seem equitable, but it is not in accordance with the directions or will of the testator. He gave her the preferred shares of stock, not the proceeds thereof, and according to all the decisions, when the specific thing given ceases to exist the legacy falls; it cannot be made up out of other property in the estate. This situation has been met in England by the Lunacy Act of 1890 (§ 123, subd. [1]), which provides: " The lunatic, his heirs, executors, administrators, next of kin, devisees, legatees, and assigns, shall have the same interest in any moneys arising from any sale, mortgage, or other disposition, under the powers of this Act which may not have been applied under such powers, as he or they would have had in the property the subject of the sale, mortgage, or disposition, if no sale, mortgage, or disposition, had been made, and the surplus moneys shall be of the same nature as the property sold, mortgaged, or disposed of." (8 Chitty's Statutes [6th ed.], p. 479.)

In the case of *Matter of Hodgson's Trusts — Public Trustee* v. *Milne* ([1919] 2 Ch. 189) consols belonging to the patient and specifically bequeathed by her will were sold and the proceeds paid into her bank account. After the patient's death the specific legatees were held to be entitled under this act to the money remaining in the bank after the sum applied by the receiver on behalf of the incompetent. (See, also, *Matter of Walker — Goodwin* v. *Scott*, [1921] 2 Ch. 63.) We have no such statute in this State; the nearest approach to it is section 1402 of the Civil Practice Act relating to real property.

The wisdom of adhering to this rule of ademption in the absence of any statute is apparent when we reflect that A. Bertsell Ireland, when he made his will, probably never contemplated physical and mental incapacity and the appointment of a committee to handle his affairs.

An intention to hold the shares of the preferred stock for the benefit of a stranger, while spending the remainder of his estate which would naturally go to his children, for doctors, nurses and maintenance, can hardly be imagined. At least a court should not say that a man in his right mind would not under such contemplation have changed his will. Such cases as *Wilmerton* v. *Wilmerton* (176 Fed. Rep. 896); *National Board* v. *Fry* (293 Mo. 399) and *Matter of Cooper* (95 N. J. Eq. 210), holding to the contrary, have not been overlooked.

The order of the Appellate Division should, therefore, be reversed, and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.