In the Matter of the Will of Roy E. Gilleland, Deceased.

Surrogate's Court, New York County, March 28, 1946.

*Walter T. Hughes, Jr.,* and *Joseph Trachtman* for Roy E. Gilleland, petitioner.

*Eugene T. McQuade* for Helen F. R. Holbrook, respondent and cross-petitioner.

DELEHANTY, S. Deceased was a citizen of the United States domiciled in Shanghai, China. He is survived by his widow and by three children of a prior marriage. To all four in equal shares he made a bequest described in his will as: " All cash deposits, both time and current, with the Hongkong and Shanghai Banking Corporation in Shanghai, and the National City Bank of New York in Shanghai, standing in my name at the time of my death." In another paragraph of his will he directed that the proceeds of life insurance payable to his estate be divided equally among his wife and children. To his wife he gave all household, domestic or personal effects and all stocks and bonds owned by him and all the rest, residue and remainder of his estate, " subject to the third and fourth clauses hereof ", these being the causes dealing with the cash deposits in Shanghai and the insurance.

The will was executed in 1936. Deceased died in January, 1941. Prior to 1940, deceased kept substantial sums on deposit in the Hong Kong and Shanghai Banking Corporation in Shanghai and in the National City Bank of New York in Shanghai. In the year 1940, deceased caused the National City Bank

of New York in Shanghai to issue to him a check for $11,500. He also caused the Hong Kong and Shanghai Banking Corporation to issue to him a check or draft for $6,000 drawn on its Shanghai branch. He used these two instruments to open an account in the National City Bank in the City of New York. The question at issue is whether the sum remaining at death of the funds so deposited by deceased in New York is shared by the widow and children equally or passes wholly to the widow. At the time of his death deceased had on deposit in the National City Bank of New York in Shanghai $684.61 in American dollars in addition to Chinese National dollars having a value in our currency of $1,026.95. At the date of deceased's death he had no funds on deposit in Hong Kong and Shanghai Banking Corporation. The children of deceased maintain that in the third paragraph of the will, the pertinent text of which is quoted above, deceased intended to give to his wife and three children all of the cash deposited with the National City Bank of New York regardless of the branch where the fund was actually deposited. The widow contends that the moneys in the New York bank pass to her as residuary legatee.

The argument for the children of deceased proceeds on a basis which disregards the plain text of the third paragraph of the will. That text decribes the gift as a gift of deposits in the " National City Bank of New York *in Shanghai,* standing in my name at the time of my death." (Emphasis supplied.) Nothing could be more explicit as description of the thing given. There is here no basis for applying any rule of construction other than the rule that the court must give effect to what the will says. " The intention must be revealed by the language of the will. The words must be construed in order to find the sense in which they were used by the testator. They may not be perverted or disregarded in order to give effect to an intention which possibly the testator may have had but which is not revealed by the language used in the will." (*Matter of Nelson,* 268 N. Y. 255, 258.) In the light of the background facts against which the will was drawn it is clear that deceased intended precisely what his language says, that is, to make a gift only of what might be in his name at the time of his death in the specific branches of the particular banking institutions. He was in active business at the time the will was drawn. The banks named were his business banks. His text makes it clear that he expected to continue to use the funds because he describes the thing given as " cash deposits, both time and current ". Dealing as he was with bank credits which would be

drawn upon in regular course in his business operations he did not describe his gift in terms of balances on hand at the date of the will but rather in terms of balances when he died. Such balances as remained in the branches expressly named in the will, and only such balances, were to be the subject matter of the gift.

It is further asserted by the children of deceased that even though deceased gave them only the cash remaining on deposit in the Shanghai branch of the banks, the withdrawal of the funds and the deposit of them in New York did not result in an ademption of the legacy. They contend that the change in the subject matter of the gift is one of name or form only and not of substance.

The gift of the funds remaining on deposit is a specific legacy (*Crawford* v. *McCarthy,* 159 N. Y. 514, 520; *Matter of Rubinstein,* 169 Misc. 273; *Matter of Armstrong,* 160 Misc. 806, 809). Unless the subject matter of a specific legacy is in existence at the time of the testator's death and then forms .part of his estate, the gift is inoperative. There results an ademption either entire or partial according to the facts. Ademption is not a matter of intention of a testator (*Matter of Ireland,* 257 N. Y. 155; *Matter of Brann,* 219 N. Y. 263, 268; *Ametrano* v. *Downs,* 170 N. Y. 388). '' What courts look to now is the fact of change. That ascertained, they do not trouble themselves about the reason for the change.'' (*Matter of Brann, supra,* p. 268.)

In the construction of the will the court has ruled that deceased intended to bequeath only the balances remaining in the specific branch banks named in the will. Deceased has expressly said in his will that the gift is limited to the funds standing in his name at the time of his death. Under the circumstances it may well be doubted whether the doctrine of ademption applies for there has been no extinction of anything bequeathed since what was given was only the deposits, if any, in particular banks '' at the time of * * * death.''

If, however, the doctrine of ademption applies, either directly or by analogy, the result is precisely the same. The place of deposit was an essential element of the gift. Deceased did not intend to include any funds on deposit in any other branch or institution. It necessarily follows that a change of the place of deposit would be a substantial change in the subject matter of the legacy and not a mere formal change. There would result an ademption of the gift regardless of the intent of deceased in making the change. The ademption would be com-

plete in the case of the Hong Kong and Shanghai Banking Corporation deposit and partial in the case of the other deposit.

The further argument based apparently upon the theory that in any case the moneys in the New York office of the National City Bank are not operated on by the residuary clause because of the words " subject to the third and fourth clauses hereof " is held by the court to be without substance. There is no intestacy under this will.

Some testimony was taken subject to objection and to motion to strike out. So much of the testimony as shows the business activities of deceased prior to the date of the will has been considered by the court. The exhibits which show the transfer of funds from China and the opening of an account in New York have been considered solely for the purposes of defining the issue which the court must determine. All of the other testimony and exhibits are stricken out. The testimony and the exhibits relate to instructions given by deceased to the draftsman of his will, to the latter's understanding of the text which he chose, to deceased's declarations about his wife and children and his plans and provisions for them and the like. All of that testimony is held to be irrelevant and immaterial on the question of construction. On that question the text of the will governs.

Submit, on notice, decree construing the will accordingly.