In the Matter of the Accounting of MARY L. LEHMANN et al., as Executors of ELIZABETH JAY, Deceased.

Surrogate's Court, New York County, April 28, 1947.

*Frank L. Giusti* for executors, petitioners.

*Thomas A. Moran* for Elizabeth Collier, individually and as administratrix of the estate of Harriet Collier, deceased, respondents.

DELEHANTY, S. Deceased drew her will on March 21, 1941. She was then the owner of certain *preferred* shares in a corporation and by her will disposed of the shares in trust for the life benefit of her sister. The corporation called in the shares and on September 1, 1945, deceased received in cash their entire redemption value. She reinvested part of the amount received by her and among the securities bought by her there were some shares of *common* stock of the same company. She died on December 31, 1945, without making any change in her will.

The account now before the court is an account by the executors. They report that they have a balance of cash on hand and they ask to be advised respecting the operative effect of the provision of the will which relates to the shares of stock heretofore mentioned. The text which gives rise to the question of construction says:

" (11) I give and bequeath unto my executors and trustees hereinafter named, the preferred stock of Angerman Co. Inc., a New York corporation, owned by me, in trust nevertheless, to collect the dividends and profits therefrom and to pay the same as they are received to my sister, Harriet Collier, during her lifetime and upon her death, I direct my trustees hereinafter named, to transfer the same to my niece, Elizabeth Collier.

" In the event the said stock or part thereof should be redeemed, retired in whole or in part or in the event my executors and trustees hereinafter named, should deem it advisable to sell or dispose of same, then I direct my said executors and trustees to reinvest the same in such securities as may be legal investments under the laws of the State of New York, but it is my will that said stock shall not be sold or dispose [*sic*] of voluntarily by my executors and trustees without the consent of my niece, Elizabeth Collier, the residuary legatee thereof."

Deceased's will refers to her stock ownership as of the date of its execution but it speaks as of the date of deceased's death when it deals with the shares. It was as of the latter date that deceased's sister was to begin to have the trust income and it was only as of the latter date that the remainderman would become vested with any interest in the shares. The part of the quoted text which refers to the stock being " redeemed " or " retired in whole or in part " and the part which authorizes the sale of the shares on consent of the remainderman, all speak of action to be taken *after* deceased's death and do not relate at all to matters occurring during deceased's lifetime.

The gift is a specific legacy in trust (*Crawford* v. *McCarthy*, 159 N. Y. 514, 518–519). Since it is a specific legacy the court must ascertain whether its subject matter was in existence at the time of the testatrix' death. If it was not so in existence then there is an ademption. Ademption has no relation to the intention of a testator. " What courts look to now is the fact of change. That ascertained, they do not trouble themselves about the reason for the change." (*Matter of Brann*, 219 N. Y. 263, 268; and see *Matter of Ireland*, 257 N. Y. 155; *Ametrano* v. *Downs*, 170 N. Y. 388.) Here the ademption is complete. The subject matter of the gift was nonexistent at deceased's death.

The proceeds of the shares intended to be given can be found perhaps in the cash which was in deceased's possession at the time of her death and may be traced in part to securities purchased with part of the cash. But neither the cash nor the additional investments are the thing given. The will does not substitute such cash or new securities for the nonexistent shares. No rights under clause (11) of the will accrued either to the sister of deceased or to the remainderman. The property in the estate available for distribution is to be disposed of in accordance with the other terms of the will.

The compensation of the attorney-fiduciary has been fixed.

Submit, on notice, decree construing the will and directing distribution in accordance with this decision.