137 So.2d 765

**Nelly ULLMANN**

v.

**FIRST NATIONAL BANK OF MOBILE.**

**I Div. 972.**

Supreme Court of Alabama.

Dec. 21, 1961.

McCorvey, Turner, Johnstone, Adams & May, C. A. L. Johnstone, Jr., and J. Jeptha Hill, Mobile, for appellant.

**156**

Kearley & McConnell, Arthur J. Kearley and Alvin McConnell, Mobile, for appellee.

MERRILL, Justice.

Appeal by Nelly Ullmann, as a legatee under the will of Louis Levis, deceased, from a decree of the Probate Court of Mobile County, adjudging that part of a legacy to Nelly Ullmann was adeemed.

The executors of the will filed a verified petition seeking a construction of the will under the provisions of the 1947 Act listed in the Appendix, §§ 512–520, Recompiled Code 1958, giving the Probate Court of Mobile County the same powers as the circuit court in the administration of estates.

The Levis will contained many bequests, and instructions were sought as to several items, but the only item in question on this appeal is Item four (e), which provided:

"I give and bequeath to Nelly Ullmann, Ten (10) One Thousand ($1,-000.00) Dollar City of Los Angeles School District Bonds, payable July 1, 1974, with interest at 2½% per annum, Five (5) One Thousand ($1,000.00) Dollar Jefferson County General Application Sewer Bonds, payable February 1, 1978, with interest at 2½% per annum, and Fifteen (15) One Thousand ($1,000.00) Dollar Mobile County Road and Bridge Bonds, payable October 1, 1964, and October 1, 1967 with interest at 3% per annum."

The testator executed the will on January 29, 1959. Between that time and the date of his death, May 8, 1959, ten of the Mobile County Road and Bridge Bonds were called and paid to the decedent, and at the time of his death, he owned only five of the bonds.

The question presented to the probate court was whether the bequest to appellant in Item four (e) was a general or a specific legacy. If a general legacy, Nancy Ullmann would receive the $20,000 worth of bonds, plus $10,000 in other assets of the estate, making the total the full $30,000 worth of property provided for in the bequest. If held a specific legacy, appellant would receive only those bonds which the testator owned at his death, totaling $20,-000.

The trial court held that the legacy of $15,000 in Mobile County Road and Bridge Bonds has been reduced to $5,000 "by the act of the testator in accepting payment of ten (10) of said bonds," and that the executors would totally discharge their responsibility by delivering the five remaining bonds to the legatee. The effect of this holding was that the bequest of the fifteen

$1,000 Mobile County Road and Bridge Bonds was a specific legacy.

The same question is presented to us— is the bequest a general or a specific legacy?

The case of Willis v. Barrow, 218 Ala. 549, 119 So. 678, contains definitions and principles relating to ademption.

■ A specific legacy is a bequest of a particular article or specific part of the testator's estate which is so described and distinguished from all other articles or parts of the same as to be capable of being identified.

■ A general legacy is a bequest chargeable upon the general estate, and not so given as to be distinguishable from other parts of the estate of the same kind, or, as otherwise defined a general legacy is one of *quantity* merely, and includes all legacies not embraced within the definitions of specific and demonstrative legacies.

■ In the construction of wills, the law favors demonstrative or general rather than specific legacies, which are subject to extinguishment or ademption if the thing specified is not in being as part of the estate upon the death of the testator. This is but an application of the general rule that wills should be construed to uphold rather than defeat devises and bequests.

■ But all rules yield to, or may be considered in aid of, the primary rule, viz. find and give effect to the mind and purpose of the testator.

Appellant relies upon the case of Gilmer's Legatees v. Gilmer's Executors, 42 Ala. 9. There, a bequest to testator's brother of "twenty thousand dollars in Confederate States bonds" was held to be a general legacy, but the court held that it designated "the article in which payment is to be made, not the source or fund from which the means of payment are to be derived." When the will was executed in 1863, the bonds had some value, but in 1868, the legacy was worthless, and the court held

that "the legacies in Confederate bonds herein before mentioned fail, and that the legatees take nothing on account thereof." This holding was made in the face of the argument "that it was natural for the testator to provide for him (the brother) out of his abundant estate; that he showed his intention to do so, by giving a legacy in a certain class of bonds when they were of value, and that the intention of the testator will be defeated under our decision."

The court also held in that case that a bequest of "twenty-five thousand dollars of bonds which I hold in the railroad companies, payable at the Georgia Railroad Bank, or at the Central Bank of Montgomery, Alabama" was a specific legacy.

Here, we think the designation of the name of the issuing agency of the bonds, the number (15), the amount of each ($1,-000), the dates payable, the rate of interest of each was a bequest of a "specific part of the testator's estate which is so described and distinguished from all other articles or parts of the same as to be capable of being identified." Willis v. Barrow, 218 Ala. 549, 119 So. 678, 680.

A case in point is In re Jay's Estate, 189 Misc. 40, 70 N.Y.S.2d 760, 762. There, the testator owned certain preferred shares in a corporation and she disposed of them in her will by creating a trust for the life benefit of her sister. The will was executed on March 21, 1941. In September, 1945, the corporation redeemed the shares. The testator reinvested part of the proceeds in common stock of the same corporation. She died on December 31, 1945, without making any change in her will. The court said:

"The gift is a specific legacy in trust. Crawford v. McCarthy, 159 N.Y. 514, 518–519, 54 N.E. 277, 278. Since it is a specific legacy the court must ascertain whether its subject matter was in existence at the time of the testator's death. If it was not so in existence then there is an ademption. Ademp-

tion has no relation to the intention of a testator. 'What courts look to now is the fact of change. That ascertained, they do not trouble themselves about the reason for the change.' Matter of Brann, 219 N.Y. 263, 268, 114 N.E. 404, 405, L.R.A.1918B, 663; and see Matter of Ireland's Estate, 257 N. Y. 155, 177 N.E. 405 and Ametrano v. Downs, 170 N.Y. 388, 63 N.E. 340, 58 L.R.A. 719, 88 Am.St.Rep. 671. Here the ademption is complete. The subject matter of the gift was non-existent at deceased's death."

■ It appears to be the general rule that if, after making a specific bequest of corporate stock or securities, the testator sells or otherwise disposes of the subject matter of the bequest and does not acquire other stock or securities answering as well to the language of gift, an ademption occurs without regard to what may have been the intent concerning ademption, and in such case, the legatee has no valid claim on the proceeds of the sale or disposition. If the stock or securities designated are not only not a part of the testator's estate at his decease but are actually non-existent, ademption ordinarily occurs without regard to any matter of intent, and the legatee has no valid claim on proceeds or anything purchased therewith. Annotation: Ademption—Legacy of Stock, 61 A.L.R.2d 452.

But appellant insists that Item 10 of the will shows an intention that the legacy be a general legacy. Item 10 provides:

"In the event there is a deficiency of assets and all of the bequests cannot be paid in full by reason of such deficiency, I direct that all of the bequests contained in this Will shall abate proportionately, except the bequest to The First National Bank of Mobile contained in ITEM THREE hereof, the bequests to Mary Richardson contained in ITEM FIVE (y) hereof, the bequest

to the Port Gibson Bank contained in ITEM FIVE (z) hereof, the bequests to Charities contained in ITEM SIX hereof, and the bequests of The First National Bank of Mobile Stock contained herein, none of which shall be abated to any extent."

Appellant contends that Item ten "indicates a general testamentary purpose of equality in treatment among all legatees, and a general intention that certain legatees should not suffer any disproportionate loss not borne by the others." We cannot agree.

■ In the absence of an expressed contrary intent of the testator, it is the general rule that where the assets are insufficient to pay all the debts of the estate and the legacies, the loss falls first, on the residuary, second, on the general legacies, and, third, in the specific devises or legacies. Powell v. Labry, 210 Ala. 248, 97 So. 707.

■ The bequests exempted from proration in Item ten included general legacies, so it becomes apparent that the testator did express a contrary intent, because he specifically provided that these named general legacies should not abate proportionately. We do not think that Item 10 shows any intention of the testator to pay for bequeathed securities which he did not own at the time of his death.

It follows that the decree of the probate court should be affirmed.

This cause was submitted both on the merits and on motion of appellee to dismiss the appeal. In view of our holding, it is not necessary to discuss our reasons for denying the motion.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.