In the Matter of the Probate and Construction of the Will of JOHN B. HOWE, Deceased. MARTIN A. CHASE et al., Appellants; ELIZABETH R. GRAUWILLER et al., Respondents.

Fourth Department, February 22, 1962.

*Harris, Beach, Keating, Wilcox, Dale & Linowitz (James G. Dale* of counsel), for appellants.

*Remington, Gifford, Willey & Williams* for Robert S. Stevens and others, respondents.

*Nixon, Hargrave, Devans & Dey (William B. Lee, Jr.,* of counsel), for Elizabeth R. Grauwiller, respondent.

HENRY, J. In the second paragraph of the will under construction, the testator bequeathed his personal effects, his automobile, $15,000 and 500 shares of the common stock of Eastman Kodak Company to respondent who had been his acting secretary for some years.

On the date of his will (Aug. 23, 1950) the testator owned 12,009 shares of such stock and at the time of his death (April 3, 1960) he owned 29,268 shares thereof. The increase resulted from stock dividends, which he received and retained in the years 1951, 1952, 1953, 1955 and 1957 and a distribution of one new share of common stock for each share outstanding in the year 1959. Nowhere in the will is there any specific reference to stock dividends or stock splits. Although the testator had other investments, Eastman Kodak Company stock was the only stock mentioned by name. Although he held 12,009 shares at the time of the execution of the will, he did not make specific disposition of the remainder of the shares. There is no evidence that the testator was associated with the corporation or that his shares constituted any control of it.

The Surrogate held that the bequest of stock to respondent was specific and further held that respondent was entitled to

receive all distributions of stock on the 500 shares bequeathed to her, irrespective of whether the stock distributions were stock splits or stock dividends and adjudged that she was entitled to 1,400.72 shares.

We agree with the Surrogate's conclusion that the gift of 500 shares is a specific legacy. The testator possessed more than a sufficient number of shares to satisfy his bequest. The shares were bequeathed in a paragraph of the will which made specific bequests of other property and the bequest was exonerated from the payment of taxes, debts and expenses. '' In our opinion, the testator by this paragraph intended to create and did create a specific legacy, and hence all the avails of the stock split belong '' to respondent. (*Matter of Griffing,* 11 A D 2d 709, 710, affd. 9 N Y 2d 919.) '' In the construction of wills, the cardinal rule is to carry out the intention of the testator as derived from the will (*Matter of Hayes,* 263 N. Y. 219; *Matter of Security Trust Co.,* 221 N. Y. 213, 219). A very slight indication of an intention to give shares in testator's ownership at the time of the making of a will is sufficient to make the legacy specific (*Matter of Security Trust Co., supra; Matter of Davis,* 184 Misc. 952). The gift of this stock * * * along with * * * specific items of personal property, is enough to indicate that the testator was thinking of shares which he then owned ''. (*Matter of Hicks,* 272 App. Div. 594, 597, affd. 297 N. Y. 924.)

As to the share for share distribution in 1959 we have held: '' The stock distribution in this case was in the nature of a stock split rather than a stock dividend.'' (*Matter of Carlson,* 16 A D 2d 28.) '' It is in no sense income but only an adjustment of capital.'' (*Matter of Horrmann,* 3 A D 2d 5, 7.) As such it was properly included in the legacy.

While respondent as the beneficiary of a specific legacy of securities is entitled to the new shares resulting from the stock split she is not entitled to stock dividends declared during the testator's life. '' The stock dividend evidences that ' the company's accumulated profits have been capitalized, instead of distributed to the stockholders or retained as surplus available for distribution in money or kind should opportunity offer ' ''. (*Matter of Fosdick,* 4 N Y 2d 646, 653.) It cannot be included in the legacy unless there is some evidence of testamentary intent to include it. Here a contrary intent is unmistakably revealed. Three and one-half years after making the will the testator executed a codicil in which he nominated respondent as one of his executors and otherwise ratified,

confirmed, republished and redeclared his will. In the interval between the will and the codicil he had received three stock dividends aggregating 25%. What he did and omitted to do in the codicil must be viewed in the light of his receipt of these stock dividends. He did not change his bequest to respondent. By disregarding stock dividends declared during the period that elapsed after making the will until he executed the codicil he evidenced an intent that similar treatment should be accorded those made subsequent to the date of the codicil.

In *Matter of Brann* (219 N. Y. 263) the testatrix received shares in subsidiary corporations of Standard Oil Company after she had specifically bequeathed 30 shares of stock of that company in trust. The shares that she received were in effect an extraordinary dividend standing the same as if the Standard Oil Company had sold the shares and distributed the proceeds. Thereafter she executed a codicil to her will in which she ratified and confirmed her will without making any change in the trust or residuary provisions of her will. The court in holding that the shares of the subsidiary companies did not pass as part of the original shares said: " The effect of a codicil is to republish the will and make it speak again from the new date (*Matter of Campbell,* 170 N. Y. 84, 87). At the date of this codicil, the testatrix had received the subsidiary shares. She made no change, however, in the gift of her residuary estate. She made no change in her description of the trust. The trust was still to be the thirty shares and nothing else. Knowing the form of her investments, she reaffirmed her purpose. * * * The opportunity to change it was given when a codicil was signed; and with knowledge of the condition of the estate, the clause was left the same. Our duty is to give effect to it according to its terms " (pp. 268, 269–270).

The quoted language appears to have precise application to the case at bar and the fact that the distribution was shares of subsidiaries in that case and stock dividends in this case does not appear to be a sufficient distinction. It is a simple extension of the reasoning to hold that if stock dividends declared before the codicil are to be disregarded, similar treatment will be accorded those declared subsequent thereto.

We conclude that the gift of 500 shares of Eastman Kodak Company stock to respondent was a specific legacy thereof, which included the stock split of an additional 500 shares issued in 1959 and that respondent is entitled to receive a total of 1,000 shares of Eastman Kodak Company common stock, but that she is not entitled to receive the 230.36 shares distributed as

stock dividends or the additional 230.36 shares added thereto by the stock split which was also allowed to her by the decree.

The decree of the Surrogate insofar as appealed from should be modified accordingly and as so modified, the decree should be affirmed.

In accordance with the stipulation of the parties to this appeal the fixation of the amount of any allowances or grant of costs is remitted for determination by the Surrogate's Court.

BASTOW, J. P., GOLDMAN, HALPERN and McCLUSKY, JJ., concur.

Decree insofar as appealed from unanimously modified on the law and facts in accordance with the opinion and as so modified affirmed, with costs to each party filing briefs payable out of the estate.