This is an appeal by the executor of the estate of Harlan Matthews from a decision by the Probate Court of Mobile County that a certain legacy of stock was a general bequest. The sole issue on appeal is whether the probate judge correctly concluded that this legacy was a general bequest and not a specific bequest subject to ademption. We reverse.
The testator, Harlan Matthews, died on July 13, 1984, leaving a last will and testament that had been executed on September 29, 1983. Contained in that will is the following provision:
 "Being a divorced man, I give, devise and bequeath to my former wife, Martha K. Matthews, the following: 100 shares of common stock of Illinois Power; 150 shares of preferred stock in Litton Industries; 100 shares of common stock in Philadelphia Electric; One (1) Bedroom suite, mahogany, consisting of bedstead, mattress and springs, 6-drawer chest, 4-drawer chest and nite table; and my stereo with the cabinet and all records. All the rest, residue and remainder of my estate I give, devise and bequeath to my beloved nephew, Robert Harlan Matthews, including all the property, real, personal and mixed, all monies, choses in action and effects of every kind and description, wherever situate, of which I shall die seized or possessed, or to which I may be entitled or in which I have any interest at the time of my death, to have and to hold to him, absolutely and forever."
This will was admitted to probate in the Mobile Probate Court on September 20, *Page 393 
1984. At that time, letters testamentary were issued to Mr. Matthews's nephew, Robert Harlan Matthews, as executor of the estate.
At some point thereafter, it was discovered that the 150 shares of Litton Industries stock bequeathed to Martha K. Matthews were not in the estate. The parties soon learned that Litton Industries had redeemed those shares of stock one month prior to the testator's death for $3,750. The executor, who is also the residuary legatee, claimed that this legacy of stock was a specific bequest which had been adeemed by the corporate redemption. Mrs. Matthews filed a petition to have the court construe the will and took the position that the legacy was a general bequest which entitled her to take the redemption proceeds.
The Mobile Probate Court held a hearing on this issue and determined that the legacy was a general bequest. This, the trial court determined, entitled Mrs. Matthews to the proceeds of the redemption, since a general bequest cannot be adeemed.
The law with respect to ademption of a bequest is well settled. A specific bequest adeems if the property specified is not a part of the estate upon the death of the testator. Conversely, a general bequest does not adeem in this situation.Rowe v. Newman, 290 Ala. 289, 300, 276 So.2d 412, 422 (1972);Ullmann v. First National Bank of Mobile, 273 Ala. 154, 157,137 So.2d 765, 767 (1961).
A specific bequest is defined as "a bequest of a particular article or specific part of the testator's estate which is so described and distinguished from all other articles or parts of the same as to be capable of being identified." Rowe,290 Ala. at 299, 276 So.2d at 421; Ullmann, 273 Ala. at 157,137 So.2d at 767.
On the other hand, a general bequest is "a bequest chargeable upon the general estate, and not so given as to be distinguishable from other parts of the estate of the same kind, or, as otherwise defined, a general legacy is one of quantity merely, and includes all legacies not embraced within the definitions of specific and demonstrative legacies." Rowe, supra; Ullmann, supra.
We recognize that, in the construction of wills, the law favors the finding of a general bequest rather than a specific bequest. Ullmann, supra; Willis v. Barrow, 218 Ala. 549, 552,119 So. 678, 680 (1929). However, this rule yields to the primary rule that the polestar to guide a court in the construction of a will is the intent of the testator. McLean v.Brasfield, 460 So.2d 153, 155 (Ala. 1984); Rowe,290 Ala. at 300, 276 So.2d at 422; Ullmann, 273 Ala. at 157,137 So.2d at 767; Code 1975, § 43-8-222.
In the present case, the testator possessed 150 shares of preferred stock in Litton Industries at the time of the execution of the will, and no more. When he bequeathed "150 shares of preferred stock in Litton Industries," he must have specifically intended to be disposing of the same 150 shares he had in his possession. These shares were described sufficiently to distinguish them from any other property the testator owned at that time, and they were capable of being identified. See,Ullmann, supra. There could be little doubt as to what specific property the testator intended to bequeath to his ex-wife.
The Georgia Supreme Court recently decided a very similar case. In Dubose v. Box, 246 Ga. 660, 273 S.E.2d 101 (1980), the testator bequeathed "FOUR HUNDRED SEVENTY-TWO (472) shares of common stock of National Distillers and Chemical Company" to a named individual in Item III; "FIVE THOUSAND EIGHT HUNDRED (5,800) shares of the Common Stock of The Coca-Cola Company" to his stepgranddaughter in Item IX; "FIVE THOUSAND EIGHT HUNDRED (5,800) shares of the Common Stock of The Coca-Cola Company" to his stepgrandson in Item X; and, "FIVE THOUSAND EIGHT HUNDRED (5,800) shares of the Common Stock of The Coca-Cola Company" to another stepgranddaughter in Item XI. The court *Page 394 
held these bequests to be specific bequests, and reasoned as follows:
 "These latter bequests are gifts of specified shares of stock in specified companies. And the testator, at the time he wrote the will, owned the same number of shares of stock in these companies as are bequeathed in the Item III, IX, X and XI bequests. We thus conclude that these stock bequests are specific."
Dubose, 246 Ga. at 666, 273 S.E.2d at 108.
In determining the intent of the testator, this Court will consider the instrument as a whole and not just a single bequest. McLean, 460 So.2d at 155. The bequests of stock by the testator are included in the same sentence of the will with the bequest of "One (1) Bedroom suite, mahogany, consisting of bedstead, mattress and springs, 6-drawer chest, 4-drawer chest and nite table; and my stereo with the cabinet and all records." These are specific bequests of specific personal property bequeathed to his ex-wife, and their inclusion in this same sentence of the will is a further indication of the intent of the testator. See, Matter of Howe's Will, 15 A.D.2d 396,398, 224 N.Y.S.2d 992, 994, aff'd 12 N.Y.2d 870,187 N.E.2d 794, 237 N.Y.S.2d 343 (1962). Also, the fact that these bequests are set apart from the general bequest of the residue of the estate is another factor relevant in the determination of the testator's intent. O'Neill v. Alford, 485 S.W.2d 935,940 (Tex.Civ.App. 1972). By considering the whole instrument, we believe the bequest was of a "specific part of the testator's estate which is so described and distinguished from all other articles or parts of the same as to be capable of being identified." Ullmann, supra, 273 Ala. at 157,137 So.2d at 767. Therefore, we conclude that the bequest of "150 shares of preferred stock in Litton Industries" was a specific bequest.
Having made this determination, we must decide what the specific devisee, Mrs. Matthews, is entitled to receive. Code 1975, § 43-8-226, governs the disposition of specific bequests of stock. Section (a) of this code section states:
 "(a) If the testator intended a specific devise of certain securities rather than the equivalent value thereof, the specific devisee is entitled only to:
 "(1) As much of the devised securities as is a part of the estate at time of the testator's death;
 "(2) Any additional or other securities of the same entity derived from the securities specifically devised and owned by the testator by reason of action initiated by the entity excluding any acquired by exercise of purchase options;
 "(3) Securities of another entity derived from the securities specifically devised and owned by the testator as a result of a merger, consolidation, reorganization or other similar action initiated by the entity; and
 "(4) Any additional securities of the entity owned by the testator as a result of a plan of reinvestment if it is a regulated investment company, which is defined in section 851 of the Federal Internal Revenue Code of 1954 as amended."
At the time of the testator's death, all 150 shares of the Litton Industries stock that were specifically bequeathed to Mrs. Matthews had been redeemed by the corporation. Thus, there were no securities of this type in the estate at the time of death, no other securities of the same entity, no securities of another entity derived from those securities, and no additional securities of the entity owned by the testator in a plan of reinvestment: Therefore, under § 43-8-226, Mrs. Matthews was not entitled to receive any part of that stock, including the proceeds of the redemption, upon the death of the testator. This requires that the proceeds of the redemption be included in the testator's estate as part of the residue under Code 1975, § 43-8-225.
For the reasons stated above, the judgment of the Probate Court of Mobile County is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED. *Page 395 
FAULKNER, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
MADDOX and BEATTY, JJ., dissent.