My analysis of the principles of law set forth in this Court's opinion and the application of those principles to the instant gift lead me to the firm conclusion that "Being a divorced man, I give, devise, and bequeath to my former wife, MARTHA K. MATTHEWS, . . . 150 shares of preferred stock in Litton Industries" is a general bequest.
"[A] bequest of a stated number of shares of stock of a certain corporation, without any further reference to or description of the particular shares intended to be bequeathed," is usually regarded as being simply a reference toquantity and, therefore, a general legacy. Annot., 15 A.L.R.2d 1038, 1051 (1967). See also, 80 Am.Jur.2d Wills, §§ 1525 and 1534 (1975) ("[T]he doctrine is well established that bequests . . . of a stated number of the shares of the stock of . . . a [particular] corporation . . . [are] in the absence of contrary testatorial intention, to be regarded as general ordemonstrative rather than specific"). This is the instant case. The bequest states only the number of shares and the corporation — nothing more.
Moreover, "[t]he most direct evidence of intent available to the court in legacy classification cases is the language used by the testator to describe the gift," Paulus, Special andGeneral Legacies of Securities — Whither Testator's Intent, 43 Iowa L.Rev. 467, 478 (1958), and as I read the language of this bequest, I find absolutely no language indicating that this testator intended a specific bequest. Possessory language(e.g., "`my X shares of Y stock,' `X shares of Y stock now possessed by me and standing in my name,' * * * `X shares of Y stock which I now hold,' . . . `all my shares in Y corporation'") in a bequest generally indicates a specific
legacy. Id. at 479. And, yet, I see no possessory language in the instant bequest.
Additionally, I note that this legacy is a gift of stock in Litton Industries, a large publicly held corporation. If the instant legacy had been a gift of privately held stock, it might indicate that the testator had some special attachment to this particular stock, and was thinking of it in that manner, rather than simply in terms of its monetary value.[1] This, however, was a gift of stock in a large, publicly held corporation. Thus, the nature of the issuing corporation in this case provides no basis for an inference that the testator thought of his 150 shares of Litton stock in terms of anything other than its easily determined market value.
As the majority points out, in Ullmann v. First National Bankof Mobile, 273 Ala. 154, 156, 137 So.2d 765, 766 (1961), we held that the following legacy was specific:
 "`I give and bequeath to Nelly Ullmann, Ten (10) One Thousand ($1,000.00) Dollar City of Los Angeles School District Bonds, payable July 1, 1974, with interest at 2 1/2% per annum, Five (5) One Thousand ($1,000.00) Dollar Jefferson County General Application Sewer Bonds, payable February 1, 1978, with *Page 396 
interest at 2 1/2% per annum, and Fifteen (15) One Thousand ($1,000.00) Dollar Mobile County Road and Bridge Bonds, payable October 1, 1964, and October 1, 1967 with interest at 3% per annum.'"
Because the Ullmann legacy states the municipality name, face amount, interest rate, and maturity date, it is, in my opinion, considerably more particular in description than the present legacy of "150 shares of preferred stock in Litton Industries." I feel that this gap in particularity necessitates opposite results in the two cases. The instant legacy is unarguably one of corporation name and share number only, and, thus, falls within "the general principle that a legacy designated primarily by quantity or amount is prima facie general." 80 Am.Jur.2d, supra, at § 1534 (emphasis added).
Finally, the application of the polestar principle of will construction, that the intention of the testator is paramount,Rowe v. Newman, 290 Ala. 289, 300, 276 So.2d 412, 422 (1972), and the principle that the law favors general rather than specific bequests, Ullmann, supra, 273 Ala. at 157,137 So.2d at 767, only strengthens my resolve that the instant gift is a general bequest. The testator, in beginning the bequest with the phrase "Being a divorced man," revealed his recognition of his ex-wife's lack of legal claim on his estate and his concern for her well-being. Such language indicates the testator's intent to provide his ex-wife with some financial security, not just this specific stock.
Considering the nature of the institution issuing the securities, and the fact that the stock could be purchased on stock exchanges, I believe the testator was thinking in terms of value when he made the bequest. To hold otherwise seems to mean that, in Alabama, all gifts of stock are specific. I believe that more particularity in a description of a gift of stock is required before it can be classified as a specific bequest. Consequently, I must respectfully dissent.
BEATTY, J., concurs.
[1] See, generally, Paulus, supra, 43 Iowa L.Rev. at 477:
 "For several reasons it is imperative for the court to consider the nature of the corporation issuing the securities if the intent of the testator is not clear. Corporations should be classified in accordance with the availability of their stock. A trichotomy of `public,' `semiprivate' and `private' appears to be acceptable. If the stock can be purchased on the public exchanges the testator is conceivably thinking in terms of value when he makes the gift, since the value of the stock can be readily ascertained and the stock probably has no intrinsic significance to the testator. A bequest of stock issued by a small corporation tends to suggest specificity rather than pecuniary value even though the stock may be available `over-the-counter.' Stock of a `private' or `closed' corporation is normally not available and has a definite ownership and control connotation. Its unavailability negates the validity of an assertion that the testator intends to have his executor obtain the stock on the market, and the control element of the stock suggests uniqueness on a par with `my old gray horse.' The desire to give specific stock to a specific person is obvious."