An insured filed a suit against his insurer and an insurance adjuster in which he claimed that the adjuster, as agent of the insurer, misrepresented to him that his tractor unit, which was involved in an accident, could be repaired, when, in fact, the adjuster knew that the tractor unit could not be repaired.
The trial court granted motions for summary judgment filed by the adjuster and the insurance company. Three issues are presented by the insured's appeal from that *Page 1045 
judgment: (1) whether the insured's action was barred by the applicable statute of limitations; (2) whether res judicata or collateral estoppel barred insured's instant claim; and (3) whether as a matter of law the adjuster was an agent or an independent contractor of the insurer. We decide only the first issue.
The facts are not in serious dispute. Appellant George Moulder was an owner-operator of a 1970 Kenworth K-125 tractor which was involved in an accident. The tractor unit was insured by appellee Northland Insurance Company. At the time of the accident All Risk Insurance Company was an agent of Northland. All Risk was notified of the accident, and as a result of this notification, assigned appellee Stokley Chambers, an adjuster, to investigate the loss, and the facts of the loss, and to determine the damage to the vehicle and to report this damage to All Risk. At the time of the accident, Chambers was the only adjuster used by All Risk in the Jefferson County area for claims involving damage to heavy equipment.
All Risk's direct responsibility to Northland was to handle, with Northland's approval, the claim involving the physical damage to the vehicle. Chambers, the adjuster, had authority to settle the claim for an amount up to $15,000; any settlement over $15,000 had to be approved by Northland.
It is fair to state that the insured, Moulder, and the adjuster, Chambers, had difficulty in agreeing on how the claim should be handled. Basically, Moulder thought the vehicle should be "totaled." Chambers thought the vehicle could be repaired.
Chambers made several calls to Moulder, who resided in Brewton, and finally Moulder agreed that the vehicle should be brought to Birmingham so that the amount of the damage could be determined. Moulder did come to Birmingham and discuss the repairs with several repairmen. After his return to Brewton, Moulder sent Chambers an authorization to proceed with the repairs. The difficulties between Chambers and Moulder continued.
Finally, on July 23, 1974, Moulder filed suit in Escambia County, claiming that his tractor had not yet been repaired and that Northland and Chambers were liable for negligence in failing to have the tractor repaired within a reasonable time. Moulder did not make any allegation of fraud in this complaint. On March 31, 1975, Moulder voluntarily dismissed Chambers from that law suit. Northland filed a petition to remove the case to federal court and this was done. On July 22, 1975, a consent judgment was entered in federal court against Northland in the amount of $13,500. This judgment was paid and satisfied.
The instant suit was filed in Jefferson County against Northland and Chambers on August 18, 1976. In his suit, Moulder alleged that Chambers represented to him "that the vehicle was capable of being repaired and would be repaired within four weeks. . . ." Moulder claimed that these representations by Chambers were false and that Chambers knew that they were false. Moulder made the same claim against Northland on the theory that Chambers was acting as Northland's representative.
Both Chambers and Northland filed motions for summary judgment in which each claimed that the instant action was barred by the applicable statute of limitations. Moulder claims that his action is maintainable under § 6-5-100 and § 6-5-101, Code 1975.
The applicable statute of limitations for an action of this nature is found in § 6-2-3, which provides:
 In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action.
Moulder contends that this section is applicable in the instant case and that plaintiff did not discover the fraud until after August of 1975; therefore, he says that his action which was filed on August 18, 1976, *Page 1046 
was filed in time. From an examination of the record, we conclude that Moulder's claim was barred by the statute of limitations. Some of the facts which lead us to this conclusion are as follows:
In his complaint in the instant case, Moulder alleges that Chambers and he "were negotiating on November 5, 1973, and for some time thereafter concerning repair of [his] truck," and that this was when Chambers made his alleged false representations. Moulder claims that he was damaged because "he believed the representations made by the defendant, Stokley Chambers, and in reliance upon them allowed defendant to attempt to have the vehicle repaired at the estimate submitted . . ." and ". . . said repairs were not made in a reasonable time and that said repairs were not in accordance with the original estimates and further, that the vehicle was not capable of being repaired as represented."
The undisputed facts show that Moulder himself came to Birmingham, discussed the repairs of the vehicle with the various repairmen, then returned to his home in Brewton. All of this took place prior to January 1, 1974, and, of course, the alleged misrepresentation of Chambers that the vehicle would be repaired "within four weeks," an allegation in Moulder's complaint, was known to Moulder when the period of four weeks expired.
Also, the undisputed facts show that Moulder was represented by an attorney in Brewton for some time prior to July 23, 1974, when he filed suit in the Circuit Court of Escambia County against both Chambers and Northland. While it is true that Moulder's original complaint filed in the Circuit Court of Escambia County did not use the word "fraud," Moulder did use the same language in describing the representations of Chambers and in that complaint, he claimed all damages recoverable under the insurance policy, as well as for "negligence" in failing to settle with him.
Fraud is deemed to have been discovered when it ought to have been discovered. Johnson v. Shenandoah Life Insurance Co.,291 Ala. 389, 281 So.2d 636 (1973).
Having decided that Moulder failed to file his claim within time, it is unnecessary for us to discuss whether or not Moulder's claim against Northland and Chambers was barred by the doctrine of res judicata or estoppel by judgment.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.