Kelly, the defendant below, appeals from a judgment against him in the amount of $30,000. We reverse.
Charles Kelly was a real estate developer. in 1973, he held an option on two pieces of real estate, both of which were abandoned subdivisions. In March of 1973, Charles Kelly, Coy Smith, and Joe Debrow formed a corporation called LanDevCo., Inc. The company was owned equally by these three men until 1976. At that time, Joe Debrow sold his one-third interest in the corporation to Charles Kelly. *Page 1316 
LanDevCo, Inc., was formed for the purpose of exercising Kelly's option on the land in Mobile County and developing two subdivisions, Campenella Estates and Hollingers Island Subdivision. During the organization of the corporation, the three shareholders agreed that each of them would be allowed to purchase from the corporation any number of lots in Campenella Estates for $2,000 each.
At various times prior to the filing of this lawsuit, shareholders Kelly and Smith took advantage of this agreement. Kelly and corporations he is affiliated with had purchased a total of thirty-five lots at $2,000 each, while Smith had purchased three lots at that price.
The $2,000 price was based on projections made by the three shareholders, reflecting that a substantial profit could be made for the corporation at that price, since each lot cost the corporation less than $600. At the date of this suit, all the lots in the subdivisions had been paid for, and the corporation was operating with a surplus of around $8,000 cash.
Smith brought suit against Kelly and LanDevCo, Inc.,[1]
alleging that Kelly had fraudulently sold the lots in Campenella Estates to himself and to corporations which he owned or controlled at less than the market value and, in so doing, had depleted the assets of LanDevCo, Inc. In addition, Smith alleged that he had been denied the right to examine the books and records of the corporation. He sought to have the trial court order Kelly to produce the records of the corporation, to make an accounting, and to assess money damages against Kelly in the form of compensatory damages and punitive damages. Smith also requested an injunction preventing the further sale of the subdivision lots at below market value.
Following the trial, the court appointed a special master to review the records and books of the corporation. The report of that special master was submitted to the court on March 15, 1983. Thereafter, the trial court, without making any findings of fact, entered judgment against Kelly in favor of LanDevCo, Inc., in the sum of $30,000. Kelly subsequently filed a motion for a new trial, which was denied, whereupon this appeal was filed. We reverse.
On appeal, a strong presumption of correctness is afforded the trial court's findings, made on conflicting ore tenus
evidence, and these findings should not be disturbed by the reviewing tribunal unless they are unsupported by the evidence or found to be clearly erroneous and against the great weight of the evidence. Davis v. Thomaston, 420 So.2d 82 (Ala. 1982);Cougar Mining Co. v. Mineral Land Mining Consultants, Inc.,392 So.2d 1177 (Ala. 1981); Raidt v. Crane, 342 So.2d 358 (Ala. 1977).
In the present case, the critical facts are not disputed. A corporation was formed for the purpose of purchasing land and developing two subdivisions. An agreement between the shareholders of that corporation was entered into during its formation, whereby each of them could purchase from the corporation as many lots of the Campenella Subdivision as he pleased for the purchase price of $2,000 each. This agreement was never amended; it was never terminated; and it was utilized by Kelly and Smith at varying times and to varying degrees. Both of them were periodically and timely informed of the financial status of the corporation and had access to the corporation's books and records. The record shows, without dispute, that Smith's copies of the corporation's quarterly financial reports were mailed to his attorney, who forwarded them on to Smith.
The only disputed fact is whether the $2,000 purchase price for the lots was subject to increase as the subdivision developed. The great weight of the evidence is that the agreed-on price was not subject to change at any time. The only evidence to the contrary is the testimony of Smith, who says the price of the lots was to "go up at all times." Smith, however, offered no evidence *Page 1317 
of how the increased price was to be determined or when the alleged price increases were to take place.
Appellant contends not only that the trial judge's decision is against the great weight of the evidence, but that Smith's action is time barred. We agree. The general statute of limitations for claims for fraud or deceit is one year from the date of the fraud. Ala. Code 1975, § 6-2-39. This section is subject, in appropriate instances, to the "saving clause" found in § 6-2-3. Under that section, the claim for fraud is considered as having accrued at the time of "the discovery by the aggrieved party of the fact constituting the fraud." Following that discovery, that party has one year within which to file his action. This Court has held that fraud is "discovered" when it ought to or should have been discovered.Moulder v. Chambers, 390 So.2d 1044 (Ala. 1980); Jefferson Co.Truck Growers Ass'n v. Tanner, 341 So.2d 485 (Ala. 1977). Thus, the time of "discovery" is the time at which the party actually discovered the fraud, or had facts which, upon closer examination, would have led to the discovery of the fraud.Papastefan v. B L Construction Co., Inc., of Mobile,385 So.2d 966 (Ala. 1980).
The evidence shows that Smith knew or should have known of the activities of Kelly several years before he filed this action. He was aware as late as 1976 of the continuing nature of the original agreement and stated that in 1976, he thought that Kelly was "cheating" him. Smith, through his attorney, received quarterly financial reports of the corporation, and in 1976 Smith's attorney reviewed, at Smith's request, the records and books of the corporation, which revealed the continual purchases by Kelly of lots in the Campenella Subdivision. Kelly made several purchases during the years 1975-77, at a time when Bob Moore, a close friend and associate of the appellee, was overseeing the day-to-day operations of the corporation.
We find that, at the latest, Smith had facts in 1977 which should have prompted inquiry into Kelly's purchases. Under the applicable statutes, therefore, Smith's action is time barred.
Due to the above findings, the judgment of the trial court must be, and it hereby is, reversed and rendered.
REVERSED AND RENDERED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
[1] LanDevCo, Inc., was later realigned as a party plaintiff.