SHORES, Justice.
The plaintiff appeals a summary judgment granted in favor of the defendant. We affirm.
In July 1960, Mr. and Mrs. Livingston agreed to purchase from Mobile Memorial Gardens, Inc., four entombment spaces in a mausoleum. Mr. Livingston signed a confirmation of purchase indicating the selection of crypts No. 112-D, 113-S, and 114-S. This document provides:
“THE PURCHASER AGREES....
2. That he or she or they will, promptly after the date hereof, confirm their selection of the said entombment *257 spaces in a Garden Mausoleum in said Mobile Memorial Gardens.”
The Livingstons made a down payment at the same time, and thereafter paid a monthly sum until 1965, when they received a deed to crypts No. 112-D, 113-S, and 114-S, the exact spaces listed in the purchase agreement.
Mrs. Livingston testified that in 1960 she and her husband discussed with the salesman their preferences for crypt location, Mr. Livingston saying he preferred the top, “nearest to heaven,” she preferring foot level, and that finally they compromised and selected crypts at “heart” level. She also said that over the years she and her husband often visited the Memorial Gardens and frequently took out-of-town guests to see their burial site, which, she said, they believed to be in the South wall of the mausoleum, overlooking a lake.
Mr. Livingston died in 1984. Mrs. Livingston says that in making funeral arrangements for her husband she learned for the first time that their crypts were not in the South wall overlooking the lake, but were instead in the North wall, and that they were at ground level as opposed to “heart” level.
She brought this suit seeking damages for “outrageous conduct,” fraudulent misrepresentation, and breach of contract. We hold that the trial court correctly granted summary judgment in favor of the defendant on the first claim because, as a matter of law, the facts do not support a claim for outrageous conduct. American Road Service Co. v. Inmon, 394 So.2d 361 (Ala.1981); U.S.A. Oil, Inc. v. Smith, 415 So.2d 1098 (Ala.Civ.App.1982); National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133 (Ala.1983). Unlike the facts alleged in Cates v. Taylor, 428 So.2d 637 (Ala.1983), the facts here fail to suggest any evil intent resulting in intentional interference with the burial of Mr. Livingston.
The trial court was likewise correct in granting summary judgment on the fraudulent misrepresentation claim, because it is barred by the statute of limitations. Even if the salesman fraudulently misrepresented the location of the crypts, as Mrs. Livingston suggests, the falseness of his representation could and should have been discovered as early as 1961, when the mausoleum was completed, and certainly in 1965 when the deed was delivered. The Livingstons never attempted to verify their recollection of the location of the crypts on their many trips to the mausoleum. Because the crypts bear no number, it is necessary to refer to a diagram kept in the office at the defendant’s memorial garden to physically locate the crypts described in a deed.
Section 6-2-3, Code of Alabama 1975, allows one one year after discovery of fraud, or one year after one should reasonably have discovered it, to bring an action.[1] If the salesman misrepresented the location of the crypts, the Livingstons should have discovered the alleged fraud, at the latest, when the deed was delivered. Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981); Kelly v. Smith, 454 So.2d 1315 (Ala.1984).
Finally, it was not error to grant summary judgment on the contract claim. The agreement between the parties was reduced to writing, and under the contract the defendant agreed to deliver a deed to crypts No. 112-D, 113-S, and 114-S upon payment of the purchase price. It did so in 1965. Evidence of any discussion which would alter, contradict, or vary the terms of the contract is not admissible and under the law all terms of the contract are merged in the written document. Ray v. Montgomery, 399 So.2d 230 (Ala.1980); Gunnels v. Jimmerson, 331 So.2d 247 (Ala.1976).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

. Section 6-2-3 has been amended, effective January 9, 1985, to allow two years following discovery of the fraud. See Ala.Acts 1984-85, Act 85-39.