Because we remand this cause to the trial court for clarification of its order and judgment, we set out only those facts necessary to our order.
The plaintiffs, Ferris Payne and Lora D. Payne, filed a declaratory judgment action to quiet title to 40 acres of land alleged by the plaintiffs to have been deeded to Ferris by his father and mother. The trial court, sitting without a jury, held that there had not been a legally effective delivery of the deed upon which the plaintiffs relied, and that the defendant, Ferris's sister Marjorie Payne Carver, was "a tenant in common owning an undivided one-sixth interest in and to the [subject] property." *Page 568 
When reviewing the judgment of a trial court entered after a non-jury trial, an appellate court in this state will not alter the findings or reverse the judgment of the trial court unless the reviewing court finds the judgment to be plainly and palpably wrong. First Alabama Bank of Montgomery v.Adams, 382 So.2d 1104 (Ala. 1980); and Menefee v.Lowery, 375 So.2d 793 (Ala. 1979). Our cases specifically denote as reversible error in these cases both an erroneous application of the law to the facts of the case and a judgment that is contrary to the great weight of the evidence. Smith v. Style Advertising, Inc.,470 So.2d 1194 (Ala. 1985); Kelly v. Smith,454 So.2d 1315 (Ala. 1984); and Borland v. Sanders Lead Co.,369 So.2d 523 (Ala. 1979).
Here, we are asked to review the judgment of a trial court that is based upon findings set out in a lengthy and detailed order. We can not say, however, whether the trial court was or was not correct in its application of the law to the evidence proffered by the parties or whether the judgment entered by the trial court is against the great weight of the evidence.
In its original order, the trial court found, as facts, that the deed was executed by Bart and Lucy Payne, Ferris's parents, at the office of a notary public, and that
 "[a]fter the deed was executed, it was given to Lucy Payne who put it in one of the drawers of a buffet where she kept other important papers for her husband. The deed was kept in a locked drawer. Lucy Payne had a key and Ferris Payne had a key to the drawer."
In a post-judgment motion, the plaintiffs asked that the foregoing statements be deleted and that statements supplied in the motion be substituted therefor. The trial court denied the plaintiffs' motion, except for a slight amendment:
 "Ferris Payne testified that his father, Bart Payne, then handed the deed to him and he in turn handed it to his mother, Lucy Payne, and asked her to put it up or keep it. Lucy Payne then put it in one of the drawers of a buffet where she kept other important papers for her husband. The deed was kept in a locked drawer. Lucy Payne had a key and Ferris Payne had a key to the drawer." (Emphasis supplied.)
It is impossible to ascertain, from a reading of the trial court's order, whether the testimony of Ferris Payne (that he accepted the deed from his father and then gave the deed to his mother for safekeeping) was accepted or rejected by the trial court. Indeed, while the trial court reaches the conclusion that there was no "legally effective delivery of the deed," we can not determine from the order whether that conclusion was based on the trial court's rejection of Ferris's testimony as untrue; whether the judgment was based on an acceptance of Ferris's testimony as true but as being outweighed by other evidence tending to prove lack of delivery; or whether the judgment was based on the trial court's determination that the testimony of Ferris, even if believed, was insufficient as a matter of law to establish delivery.
Therefore, because we are unable to determine the basis for the findings set out in the trial court's order or for the judgment of lack of delivery of the deed, we remand this cause to the trial court for the entry of an order consistent with this opinion.
REMANDED WITH INSTRUCTIONS.
SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.