ADAMS, Justice.
John S. Sullivan and Helen Sullivan, David McWatters, Jr., and Gloria McWat-ters, and Lawrence Oldemoppen and Margaret Oldemoppen appeal from a summary judgment in favor of CIGNA Insurance Company; the Home Owners Warranty Corporation (HOW) and the Home Builders Association of America (HBAA); Walther Builders, Inc. and Carolyn Walther; and the Baldwin County Homebuilders Association, on their complaint alleging breach of contract and fraud, concealment, and conspiracy in the marketing of a 10-year homeowner warranty.
The facts of the instant case were first set out in Sullivan v. Walther Builders, Inc., 495 So.2d 655 (Ala.1986):[1]
“In 1979, Lawrence and Margaret Ol-demoppen filed an action against Walther Builders, Inc., and its president, William Walther, claiming damages for breach of contract, alleging faulty construction of their house. The case was tried, and the jury returned a verdict for the Oldemoppens.
“In 1980, Walther Builders filed an action against John and Helen Sullivan to enforce a materialman’s lien, arising from the construction of the Sullivans’ house. The Sullivans counterclaimed for damages resulting from faulty construction of the house and for assault and battery by William Walther against Mrs. Sullivan; Mr. Walther was brought in as a third-party defendant. The jury returned a verdict for Walther Builders on the construction claim and for Mrs. Sullivan on the assault and battery claim.
“On January 28, 1982, the Sullivans, the Oldemoppens, and David and Gloria McWatters filed this action against Walther Builders; William Walther and his wife Carolyn Walther, who was the secretary-treasurer of the corporation; and several organizations associated with the promotion of home warranties. The complaint alleged breach of contract, fraud, concealment, and conspiracy in the marketing of 10-year homeowner warranties. [Emphasis added.]
“On January 29, 1985, Walther Builders and Carolyn Walther filed a motion for summary judgment on the claims by the Sullivans and Oldemoppens, stating that the present action was barred by the prior judgments on the faulty construction claims. Carolyn Walther supported the motion with an affidavit, which included lists of deficiencies drawn up by the Sullivans and the Oldemoppens and offered for use in prior cases. On the lists, the couples had noted that the defendants had failed to provide the 10-year homeowner warranties allegedly promised to them. The Sullivans and the Oldemoppens filed opposing motions, along with affidavits stating that the issue of warranties was not part of the prior claims and was not litigated. The circuit court granted summary judgment for Walther Builders and William and Carolyn Walther. That judgment was made final pursuant to Rule 54(b), A.R.Civ.P. This appeal followed. We affirm.” (Emphasis added.)
*704 Therefore, the issues for our review are whether the trial court erred in entering summary judgment for CIGNA, HOW, HBAA, and the Baldwin County Home-builders Association, on the Sullivans’, the McWatterses’ and the Oldemoppens’ complaint for breach of contract and fraud; and whether the trial court erred in entering summary judgment to Walther Builders and Carolyn Walther on the McWat-terses’ complaint for breach of contract and fraud.
I. Statute of Limitations
Ala.Code 1975, § 6-2-3, prior to its amendment in 1984, provided that an action seeking relief on the ground of fraud had to be prosecuted within one year of the . “discovery by the aggrieved party of the fact constituting the fraud.” The present complaint alleging fraud, concealment, and conspiracy in the marketing of the 10-year warranty was filed on January 28, 1982.[2]
Although the Sullivans contend that they did not learn of the absence of the warranty until “well after” judgment was entered in their lawsuit against Walther Builders on October 8,1980, they fail to present any evidence to prove that the alleged fraud could not have been discovered at the termination of that lawsuit. Pleadings in the 1980 lawsuit indicate that the Sullivans complained that Walther had failed to provide the warranty as promised; consequently, the allegation that they learned about the absence of the warranty only after the October 8, 1980, judgment is groundless. Further, at that time, with reasonable diligence, the Sullivans could have discovered the identity of CIGNA, HOW, HBAA, and the Baldwin County Homebuilders Association, and could have brought suit accordingly. “[T]he time of ‘discovery’ is the time at which the party actually discovered the fraud, or had facts which, upon closer examination, would have led to the discovery of the fraud.” Kelly v. Smith, 454 So.2d 1315, 1317 (Ala. 1984). (Citations omitted.) Clearly, the Sullivans had such facts but failed to pursue them. Therefore, we hold that the Sullivans’ complaint against CIGNA, HOW, HBAA, and the Baldwin County Home-builders Association alleging fraud in the marketing of the 10-year warranty was time-barred as of October 8, 1981.
The McWatterses’ house was completed and the sale was closed on December 17, 1979, and, although they received a VA warranty, they did not receive the 10-year homeowner warranty allegedly promised by Walther Builders. The McWatters-es maintain, however, that they did not know that Walther Builders’ promise of the warranty was untrue until Helen Sullivan notified them in February 1981 that she had not received the warranty. Nevertheless, it appears obvious that the absence of documentation of the warranty from the McWatterses’ closing package (for which they allegedly had paid $2 for each $1,000 increment of the total cost of the home) was a fact that, upon closer examination, would have led the McWatterses to discover the fraud. Kelly v. Smith, supra. Consequently, we hold that the McWatters-es’ complaint against CIGNA, HOW, HBAA, Walther Builders and Carolyn Walther, and the Baldwin County Home-builders Association alleging fraud in the marketing of the 10-year warranty was time-barred as of December 17, 1980.
As noted, the Oldemoppens appealed the judgment entered July 14, 1980, to this Court, which affirmed the judgment on June 19,1981, and denied rehearing on July 24,1981. The appeal did not, however, toll the running of the limitations period as to CIGNA, HOW, HBAA, and the Baldwin County Homebuilders Association:
“Where time runs from a judgment, it would seem that a final judgment, to the enforcement of which there is no impediment, is contemplated. Pending decision of a motion for new trial, or pending an appeal, the statute will not run against matters which are still properly cogniza *705 ble in the proceeding and against which the bar was not complete before action brought, and a right or cause of action depending or founded on a judgment is not subject to limitations from the entry of the judgment, where an appeal from the judgment is perfected which suspends the rights of the parties.”
54 C.J.S. Limitations of Actions § 122, at 165 (1987). See, also, MacQueen v. McGee, 260 Ala. 315, 70 So.2d 260 (1954). A complaint alleging fraud against the defendant homebuilder organizations was clearly not cognizable within the proceedings against Walther Builders, and its prosecution did not depend on the judgment ultimately entered and affirmed against Walther. Further, like the Sullivans’ contention, the Ol-demoppens’ contention that they did not learn of the absence of the warranty until “well after” judgment was entered in their lawsuit against Walther Builders on July 14, 1980, is groundless, in light of the list of complaints given to Walther in 1980. The Oldemoppens had such facts on July 14, 1980, but failed to pursue them; consequently, their complaint against CIGNA, HOW, HBAA, and the Baldwin County Homebuilders Association alleging fraud in the marketing of the 10-year warranty was time-barred as of July 14, 1981.
II. Statute of Frauds
The record reflects that the Sulli-vans, the Oldemoppens, and the McWat-terses never received a signed contract setting forth the terms and conditions of the 10-year warranty and never paid the enrollment fee for receipt of the warranty. In fact, Walther Builders, although approved by HOW on May 28, 1979, to offer the warranty, never enrolled a home in the program and was terminated as an HOW builder in 1980. Ala.Code 1975, § 8-9-2(1), provides that every agreement which, by its terms, is not to be performed within one year, must be in writing. The very nature of the alleged agreement is a 10-year warranty, and, therefore, it falls within the Statute of Frauds. Thus, the alleged agreement is void, and the trial court did not err in entering summary judgment for CIGNA, HOW, HBAA, Walther Builders and Carolyn Walther, and the Baldwin County Homebuilders Association, on the claims alleging breach of contract. AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. We note that the judgment on the Oldemop-pens’ 1979 complaint against Walther Builders was appealed to this Court after that judgment was entered on July 14, 1980, in Baldwin County. That judgment was affirmed:
"Affirmed. The adequacy of damages vel non assessed by a jury verdict and judgment entered thereon is not an available ground for relief under Rule 60(b), ARCP; thus, this post-judgment remedy may not be substituted for a motion for new trial."
Oldemoppen v. Walther Builders, 402 So.2d 884 (Ala.1981). The Oldemoppens did not amend their 1979 complaint to add the various home-building organizations as defendants, and the only ground for their appeal was the alleged inadequacy of damages.

. The effective date of the amendment of the limitations period, extending the period to two years, was January 9, 1985; the federal courts have correctly interpreted the amendment to apply prospectively only. See Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036 (11th Cir.1986).