ON APPLICATION FOR REHEARING
This Court's opinion of December 29, 1989, is withdrawn and the following opinion is substituted therefor:
This is a suit to collect a promissory note. The parties in this action, Claudette and John Campbell, were married in 1982. In that same year, they jointly executed a promissory note for $40,000 payable to Ms. Campbell's parents, Walter Claude and Anne Koerper. Under the terms of the note, the Campbells were to repay the indebtedness, without interest, in five annual installments, the first installment becoming due in May 1983. No payments were ever made; the Koerpers never demanded payment.
The Campbells separated, and by the time the third installment was due in May 1985, Ms. Campbell had instituted divorce proceedings. Mrs. Koerper died at some point while the divorce was pending, and Mr. Koerper died in July 1985. Ms. Campbell became the executrix of her father's estate on December 16, 1985. The Campbells were divorced 22 days later, on January 7, 1986.
In March 1987, Ms. Campbell, as executrix of her father's estate, sued Mr. Campbell — her former husband — on the promissory note. She contended that Mr. Campbell owed the estate the entire amount of the note. Mr. Campbell contended that she was collaterally estopped from asserting this claim or was barred by res judicata and laches because of the prior divorce proceeding. He further contended that the entire amount of the loan, the repayment of which was secured by the note, had been used for the renovation of a beach house that Ms. Campbell obtained as a consequence of the divorce.
A jury returned a verdict in favor of Ms. Campbell in the amount of $20,000 with no interest.[1] Mr. Campbell appeals.
 ISSUES
Mr. Campbell raises two issues on appeal: 1) whether the final judgment of divorce precluded Ms. Campbell's claims; and 2) whether the trial court erred in failing to give a certain requested jury charge.
 Res Judicata
In Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190, 1199 (Ala. 1978), we explained the doctrines of res judicata and collateral estoppel:
 "The elements of res judicata [claim preclusion] are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits [or those in privity with them] substantially identical; and (4) same cause of action present in both suits. [Citation omitted.] If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976)."
See also Hughes v. Martin, 533 So.2d 188, 190 (Ala. 1988).
 "Collateral estoppel [issue preclusion] operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. Stevenson v. International Paper Co., [516 F.2d 103 (5th Cir. 1975)]. If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit. Gulf American Fire Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968)."
Wheeler 364 So.2d at 1199.
The requirements for collateral estoppel, or issue preclusion, are not met here. For collateral estoppel to apply, the *Page 1062 
issue in the second suit must be identical to the issue involved in the previous suit. The issue here is whether Mr. Campbell owes the estate the debt evidenced by the note. The issue in the divorce proceeding was the status of the parties' marriage. Additionally, for collateral estoppel to apply, the issue must have been actually litigated in the prior action. The issue of the note was not raised in the divorce proceedings. Finally, the issue of liability on the note was not necessary to the determination of the issue in the prior divorce proceeding.
The elements of res judicata, or claim preclusion, are likewise not present in this case. While the judgment in the divorce proceeding was a "prior judgment rendered by [a] court of competent jurisdiction" and that prior judgment was rendered on the merits, the parties to both suits are not "substantially identical." Ms. Campbell in her status as plaintiff in the divorce action was not "substantially identical" to Ms. Campbell in her status as the executrix of her father's estate in the present action. Even though Ms. Campbell is the sole heir to the estate, she is not suing for the collection of the promissory note as the heir or beneficiary, but rather as executrix of the estate. Finally, the same cause of action is not present in both suits.
Even if a particular issue was not litigated in the prior action, res judicata will still bar the later action if the issue raised by it could have been litigated in the prior action and the four elements are present. Again, though, we note that two of the elements are missing: the parties to both actions are not substantially similar and the same cause of action is not presented in both suits. See Tatum v. Kelley,481 So.2d 1132, 1135 (Ala. 1985).
In her capacity as executrix, Ms. Campbell has no personal rights in the proceeds of the note sued upon. As sole heir to her father's estate, however, she stands to inherit those proceeds. If a person other than Ms. Campbell had sued as the executor or the executrix of the estate, we would not have this perceived conflict. The right to sue on the note belongs to the estate and not to Ms. Campbell in her personal capacity.
Neither res judicata nor collateral estoppel bars Ms. Campbell's suit on the note.
 Jury Charge
Mr. Campbell claims that the trial court erred in failing to give a certain requested jury charge. He points us to no authority supporting the proposition of the requested charge, that "where the liability of one co-maker is extinguished, all co-makers are released." Additionally, two other jury charges given by the trial judge stated the correct law applicable in this case.
We therefore find this issue to be without merit. The judgment is hereby affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
JONES, J., not sitting.
[1] The record does not indicate why the jury awarded only one half the amount of the debt; however, no issue is made on appeal regarding that.