This is an appeal from a judgment in favor of the plaintiffs/appellees in an action in which the plaintiffs sought a construction of the will of the late Marvin L. Tillis. The trial court held that the will was ambiguous and unclear, and went on to construe the provisions of the will contrary to the position of the defendants/appellants, Angela Adams and Beverly May, granddaughters of Marvin L. Tillis. We affirm.
Marvin L. Tillis executed his last will and testament on November 20, 1985; that will included the terms of the "Marvin L. Tillis Family Trust" ("the Trust") and replaced an earlier will executed in July 1985. The terms of the later will were essentially the same as the earlier will, except for a change in the beneficiary of a charitable devise and the addition of subparagraph (F) to Article IV (the Trust):
 "F. Notwithstanding any other provision in this Will to the contrary, including any provisions contained within this Article IV, in the event that as of the date of my death, my daughter, FRANCES T. ADAMS, is in bankruptcy proceedings or is subject to material creditor claims, then any devise to my daughter contained within this Will or any rights she may have to principal and/or income as a beneficiary of the 'Marvin L. Tillis Family Trust' created in this Article IV shall be null and void with all such devises and rights to trust income and/or trust principal to instead be devised and/or distributed equally between my granddaughters, ANGELA ADAMS and BEVERLY ADAMS, per stirpes." *Page 238 
Tillis died on December 31, 1985, and his will was filed for probate in January 1986. Despite a "no-contest" provision[1] in Marvin Tillis's will, Frances Adams, Tillis's daughter, instituted a contest of the probate of her father's will on April 22, 1986, alleging that her father had not been competent to execute the will and alleging undue influence by Tillis's lawyer and accountant in causing Tillis to execute the will. Frances Adams was the sole contestant of the will, and the appellants in the instant appeal, Angela Adams and Beverly May (daughters of Frances Adams), were among the defendants in the contest action who defended the will of Marvin Tillis.
After settlement negotiations, the parties to the contest action filed a "Stipulation For Dismissal" and, based upon the parties' stipulation, the trial court entered a final judgment and held:
 "1) That [Frances Adams's] Complaint to Contest Will, Request For Inventory, and Petition To Remove Trustee And Co-Executor be and the same is hereby dismissed with prejudice.
 "2) That, pursuant to Ala. Code 1975, § 43-8-196, [Frances Adams] pay costs in the amount of Fifteen Thousand Dollars ($15,000.00) to the Estate of Marvin L. Tillis, deceased.
 "3) That the co-executors will not invoke Article IX ('no contest' provision) of the Last Will and Testament of Marvin L. Tillis against [Frances Adams].
 "4) That Article IV(F) shall be applicable as concerns any devises in the will to [Frances Adams]."
On June 15, 1988, Lowell Tillis and Jack Carpenter, as co-executors of the estate of Marvin Tillis, and Carpenter as the Trustee of the Trust, filed a complaint in the circuit court seeking construction of the will of Marvin Tillis and instructions "as to the distribution of income and as to the distribution of the trust principal and income, if any, . . . upon termination of the [trust]." The defendants in this action were all of the named beneficiaries of the Trust. The co-executors alleged in the complaint that a dispute among the beneficiaries had caused the filing of the complaint; however, the co-executors went on to allege as follows:
 "Respondents Angela Adams and Beverly May a/k/a Beverly Adams claim and/or contend that they are entitled to an increased share in the income and in the distribution of the trust principal and income, if any, at the termination of the family trust due to the provisions of Paragraph (F) of Article IV of the Will and/or other aspects and/or provisions of said Will. The remaining beneficiaries of the 'Marvin L. Tillis Family Trust' dispute that Angela Adams and Beverly May a/k/a Beverly Adams are entitled to an increased share in the income or principal."
In their complaint, Tillis and Carpenter also advised that they intended to take the depositions of Carpenter and G. David Johnston to preserve the testimony of the two men, who, the plaintiffs allege, "were aware of and knew the intentions of Marvin L. Tillis in regard to his last will and testament." Carpenter, a certified public accountant, had been Marvin Tillis's accountant from "the early '70's until [Tillis's] death," and Johnston, Marvin Tillis's lawyer for several years, had drafted the will and the trust provision contained therein.
At a nonjury trial, the court heard the testimony of Jere Segrest, the lawyer who had represented Frances Adams in her earlier contest of her father's will; Wade Baxley, the lawyer who had represented the Tillis estate and the co-executors in the earlier will contest case; David Johnston, Marvin Tillis's lawyer, who had drafted the will and the trust provision; C. Jack Carpenter, Marvin Tillis's accountant, who had aided in drafting the will and the trust provision and who had drafted the offer of settlement made to Frances Adams in the *Page 239 
will contest case; and Angela Adams, daughter of Frances Adams and one of the two beneficiaries/defendants claiming an enhanced share of the estate.
When the trial began, and before testimony was taken from any of the witnesses, the trial court, responding to a motion in limine that was renewed at trial, allowed the lawyer representing Angela Adams and Beverly May to file a continuing objection to the introduction of documents and testimony "as pertains to any evidence, or any documents that relate to what Mr. [Marvin] Tillis's intent was as expressed either to David Johnston or Jack Carpenter." Segrest, Baxley, Johnston, and Carpenter were also allowed to respond to the questions regarding whether Article IV(F) of the will was ambiguous and regarding their interpretation of that provision in relation to Article IV as a whole.
The trial judge, in his final judgment, began by stating that he had considered only that evidence that was admissible under Alabama law. He then described the posture and disposition of the earlier will contest case filed by Frances Adams, and found that the parties in the instant case "were on the same side and were not adversaries in the will contest litigation." The remaining portion of the trial court's judgment reads as follows:
 "There is a dispute between the beneficiaries of the Trust as to the distribution of income and as to the beneficiaries' rights upon termination of the Trust and distribution of remaining income, if any, and Trust principal. All parties and beneficiaries, except Respondents Angela Adams and Beverly Adams May, contend that the Will and Trust are to be construed and administered as set forth in David Johnston's letter of May 13, 1987.[2] *Page 240 
 "There is a dispute between the beneficiaries of the Trust as to the distribution of income and as to the beneficiaries' rights upon termination of the Trust and distribution [of the] remaining income, if any, and Trust principal. All parties and beneficiaries, except Respondents Angela Adams and Beverly Adams May, contend that the Will and Trust are to be construed and administered as set forth in David Johnston's letter of May 13, 1987. It is undisputed that, as of the death of Marvin L. Tillis on December 31, 1985, Frances T. Adams was in bankruptcy proceedings or was subject to material creditor claims. Respondents May and Adams contend that, as a result of their mother being in bankruptcy proceedings or subject to material creditor claims, they are entitled to a greater interest than their mother, Frances T. Adams, would have received as a Trust beneficiary.
 "The court is petitioned to construe the Last Will and Testament of Marvin L. Tillis and specifically the provisions relating to the Trust and Article IV(F) of said Will.
". . . .
 "Upon consideration of this matter, it is the opinion of the court that the pertinent provisions of the Will at issue in this case are unclear and ambiguous. The court has, therefore, considered the declarations, expressions, and intentions of the Testator, Marvin L. Tillis, which are admissible under the law of Alabama. It is the opinion of this court that Marvin L. Tillis intended in Paragraph F of Article IV of his Last Will and Testament to give to his granddaughters, Angela Adams and Beverly Adams May, no greater rights than his daughter and their mother, Frances T. Adams, would have had as a Trust beneficiary of the Marvin L. Tillis Family Trust had Frances T. Adams not been in bankruptcy proceedings or been subject to material creditor claims as of the date of the death of Marvin L. Tillis. Until the death of both children of Marvin L. Tillis, namely, Lowell A. Tillis and Frances T. Adams, no beneficiary of the Marvin L. Tillis Family Trust has any right to trust principal unless under Paragraph B of Article IV, the Trustee, 'in his sole discretion, determines that the Trust principal is needed for medical needs or financial hardship' of a beneficiary or his family. Frances T. Adams had a right as a Trust beneficiary to 20% of the net income of the Family Trust for her lifetime under Article IV(A) if she was not in bankruptcy proceedings or subject to material creditor claims as of the date of death of Marvin L. Tillis. It is, therefore, the opinion of this court that the intention of Marvin L. Tillis, as expressed in Article IV(F) of his Last Will and Testament, was to give to his granddaughters, Angela Adams and Beverly Adams May, the 20% income interest (10% each) their mother, Frances T. Adams, would have otherwise received in the Marvin L. Tillis Family Trust for and during the lifetime of Frances T. Adams, and that, upon the death of Frances T. Adams, such 20% income interest, including any increase thereon as a result of any other beneficiary's death prior to Frances T. Adams's death, be allocated among all Trust beneficiaries then living, including Angela Adams and Beverly Adams May if also then living, all in accordance with Paragraph A of Article IV of the Last Will and Testament of Marvin L. Tillis and prior to determination of Trust principal distributions upon termination of such Trust under Paragraph E of Article IV if Lowell A. Tillis has predeceased Frances T. Adams. This court is of the further opinion that to interpret the provisions of Article IV of the Last Will and Testament of Marvin L. Tillis other than as provided above would defeat the intention of the testator, Marvin L. Tillis, and thereby unjustly enrich Angela Adams and Beverly Adams May."
In addition to ordering that the co-executors administer the estate and the Trust in accordance with his final judgment, the trial judge also denied the pending motions of defendants Angela Adams and Beverly Adams May, including the evidentiary motion in limine. Of the eight named defendants/ *Page 241 
beneficiaries, Angela Adams and Beverly Adams May are the only ones to appeal from the trial court's final judgment.
Adams and May first contend that the trial court erred in overruling their motion to dismiss the co-executors' complaint on the alternative grounds of res judicata and collateral estoppel. They maintain that, pursuant to Ala. Code 1975, §43-8-200, the earlier will contest case, filed by their mother and resolved by a judgment based on a settlement agreement, is a bar to the instant complaint. We disagree.
Section 43-8-200 provides, in part:
 "In the event a contest of the probate of a will is instituted in the circuit court, . . . all parties interested in the probate of the will, as devisees, legatees or otherwise, . . . shall be made parties to the contest; . . . and the final judgment in such contest proceedings shall be conclusive as to all matters which were litigated or could have been litigated in such contest; and no further proceedings shall ever be entertained in any courts of this state to probate or contest the probate of such will."
It is apparent in the language of the statute itself that this provision does not operate to bar the instant action. The co-executors of the estate of Marvin L. Tillis filed the complaint in this case, seeking the trial court's construction of the terms of Marvin L. Tillis's will and the trust provision contained therein, and seeking instructions from the trial court as to the proper administration of the estate, particularly of the Marvin L. Tillis Family Trust. There is no hint of contest of the will or of the probate of the will in the complaint.
The facts that gave rise to the case of Caverno v. Webb,239 Ala. 671, 196 So. 723 (1940), are dissimilar to those of the instant case. There the appellant attacked the jurisdiction of the equity court to entertain a contest of a probated will on the ground of the existence of a codicil devise contrary to a devise made in the will. The Caverno Court, however, stated a proposition of law in Alabama that directly affects the instant appeal: "Section [43-8-200] saying: 'No further proceedings shall ever be entertained in any courts of this state to probate or contest the probate of such will,' is not to be construed to prevent proceedings to effectuate the decree rendered in the contest proceedings. It merely declares the finality of the contest in [circuit court]." Caverno v. Webb,239 Ala. at 674, 196 So. at 724.
The "decree rendered in the contest proceedings" in the instant case was based upon the settlement agreement of the parties and their stipulation of dismissal of the action and, as concerns the provisions of the contested will of Marvin L. Tillis, merely ordered that the "no contest" article would not be invoked against Frances T. Adams and that Article IV(F) would be applicable to any devises to Frances T. Adams. The co-executors, in filing their complaint for construction and instructions, were requesting assistance in effectuating both the will of the testator and the final judgment in the earlier will contest case through a proper administration of Marvin L. Tillis's estate. We hold that § 43-8-200 has no application to the facts of this case.
Neither is the instant litigation barred by either the doctrine of res judicata or the doctrine of collateral estoppel. As recently as December 1989, this Court reaffirmed the law with regard to res judicata and collateral estoppel. InCampbell v. Campbell, 561 So.2d 1060 (Ala. 1989), we quoted with approval the following explanation of these doctrines from the Court's opinion in Wheeler v. First Alabama Bank ofBirmingham, 364 So.2d 1190 (Ala. 1978):
 "Res judicata and collateral estoppel (estoppel by judgment) are two separate rules or sets of rules for determining the conclusiveness of judgments. [Citations omitted.]
 "The elements of res judicata are as follows: (1) prior judgment rendered by a court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. [Citations omitted.] If *Page 242 
these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action.
 "Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. [Citations omitted.] If these elements are present, the prior judgment is conclusive to those issues actually determined in the prior suit. [Citations omitted.]"
Wheeler, 364 So.2d at 1199.
We hold that neither res judicata nor collateral estoppel applies to bar the instant litigation begun by the co-executors' complaint for construction and instructions. Res judicata, or "claim preclusion," can not apply here because, as noted earlier, the two suits were filed to resolve two entirely different and distinct causes of action.
Frances T. Adams, the sole contestant in her will contest, named, as defendants, all of the heirs and beneficiaries of Marvin L. Tillis's will and Trust and the two co-executors, Jack Carpenter and Lowell Tillis. In that action, Frances T. Adams alleged mental incompetence on the part of Marvin L. Tillis when executing his will so as to render the will null and void; undue influence exercised by Jack Carpenter upon Marvin L. Tillis so as to render Marvin L. Tillis's will null and void; and improper, unethical, unconscionable, and inequitable conduct by Jack Carpenter that rendered the will null and void. The relief sought by Frances Adams in her contest included the setting aside of her father's will; an accounting from the co-executors; and removal of Jack Carpenter as a co-executor and trustee of the Marvin L. Tillis Family Trust.
In the 1988 complaint, the plaintiffs/co-executors acknowledged the dispute among the Tillis heirs as to the administration of the Trust set up by the will, but they made no allegations of wrongdoing. Rather, the plaintiffs/co-executors sought the court's construction of the will, especially of Article IV (the Trust), and instructions for the proper administration of the will and the Trust. Identity of the causes of action is not present here, and res judicata can not apply to bar the second litigation.
Similarly, we find no basis for the application of the doctrine of collateral estoppel, or "issue preclusion." Following the statement of the law set out in Wheeler, theCampbell Court held that "[f]or collateral estoppel to apply, the issue in the second suit must be identical to the issue involved in the previous suit." Campbell, supra, at 1061-1062. The issue in Frances Adams's will contest case was the validity of the will, while the issue in the instant case is the proper interpretation and application of the terms of the will, specifically of the Trust. Therefore, collateral estoppel can not apply to bar the instant action.
Adams and May next argue that the trial court erred in firstadmitting the testimony of David Johnston, Marvin Tillis's lawyer, and of Jack Carpenter, Marvin Tillis's C.P.A. and one of the co-executors of the will, and then in finding that the will was unclear and ambiguous. We tend to agree with the premise for this contention (i.e., that the language in question is clear and unambiguous); however, the basic laws of will construction require that we affirm the judgment of the trial court, in keeping with this Court's consistently holding that the rules of will construction "are subordinate to the cardinal rule that the intention of the testator must be ascertained and given effect" and that [the rules] "are useful only in aid, not in contravention, of that controlling purpose." Achelis v. Musgrove, 212 Ala. 47, 49, 101 So. 670
(1924). See, also, Gafford v. Kirby, 512 So.2d 1356 (Ala. 1987); Crippled Children's Foundation v. Cunningham,346 So.2d 409 (Ala. 1977); and Ullmann v. First National Bank of Mobile,273 Ala. 154, 137 So.2d 765 (1961).
Moreover, whether the language of Article IV(F) is clear and unambiguous is an issue we are not called upon to decide, *Page 243 
because, in any event, the trial court's ultimate interpretation in favor of the appellees is in keeping both with the evidence relating to the testator's intent and with the testator's intent as expressed within the "four corners" of the instrument itself. Having held that the trial court's construction and interpretation of the provisions of Marvin L. Tillis's will and of the Trust were correct, we conclude, therefore, that the error, if any, in the trial court's admitting the testimony of Johnston and Carpenter was error without injury, their testimony being totally consistent with the interpretation given the Trust by the trial court in its application of the law to the facts of the case.
The plaintiffs argue that any construction of Article IV(F) inconsistent with that found by the trial court would be based on an assumption that Marvin L. Tillis intended to reward Adams and May and to penalize the remaining beneficiaries of the Trust (the other grandchildren). In other words, Adams and May would interpret Article IV(F) to mean that Frances T. Adams's bankruptcy would enhance the trust income shares of her daughters (Adams and May) and that such enhanced shares would be prolonged into the distribution of the Trust's remaining assets (after the death of both Frances T. Adams and Lowell Tillis) to the detriment of the remaining beneficiaries. The plaintiffs assert that such an interpretation was not the intent of Marvin L. Tillis and does not comport with common sense. We agree.
It is the position of Adams and May that the language of IV(F) that reads "notwithstanding any other provision in the Will to the contrary, including any provisions contained within this Article IV," was meant to preclude any distribution of trust assets pursuant to the schedule contained in Article IV(A) if Frances T. Adams were to be in bankruptcy at the time of her father's death. Therefore, say Adams and May, because their mother was indeed in bankruptcy at the time of Marvin L. Tillis's death, Article IV(F) was activated and each of them was to receive an additional 10% of the trust income (Frances T. Adams's 20% share divided "per stirpes") forever.
However, when we construe the above-quoted language from Article IV(F) not merely as a part of Article IV, but, indeed, as a part of the entire will (see Matthews v. Matthews,477 So.2d 391 (Ala. 1985)), we find that the intention of the testator was clearly contrary to the position advanced by Adams and May. The Marvin L. Tillis Family Trust was structured so as to make the execution of the two phases of trust distribution dependent upon the lifetimes of Marvin L. Tillis's two children: his son, Lowell, and his daughter, Frances T. Adams. Phase one, distribution of trust income to Lowell and Frances (at 20% each) and to their children (5% each), was to take place while Lowell and Frances were still alive. Phase two, dissolution of the Trust and the distribution of the residuary assets of the Trust, including any accumulated principal and interest, was to take place after both Lowell and Frances were dead, with all remaining beneficiaries to take an equal percentage. This schedule of Trust distributions was set out in Article IV(A) of the will.
It logically follows, then, that paragraph (F) was added to Article IV in order to effect a change in the distribution of Frances T. Adams's 20% share of the trust income for herlifetime. True, the language of paragraph (F) voids any provisions made for Frances T. Adams in the will and then devises her interests to her daughters, Adams and May; however, once devised to the daughters, these interests do not take on a character different from the character they had when they were yet in favor of Frances T. Adams.
Frances T. Adams's 20% trust income interest was for her lifetime and no longer. There is no provision in Article IV for the lifetime income interests of Lowell and Frances to become assets of their estates. Therefore, the devise of Frances T. Adams's income interest to her daughters was for the life of their mother, and no longer — they could receive no greater interest than the interest held by their mother. *Page 244 
With regard to the construction of the will and Trust, our holding and the trial court's judgment declare the intention of Marvin L. Tillis in adding paragraph (F) to Article IV: 1) that no asset of the Marvin L. Tillis Family Trust go to the creditors of his daughter; and 2) that notwithstanding her no longer being a beneficiary or devisee under her father's will, Frances T. Adams's lifetime needs would nevertheless be taken care of by her daughters, who were given their mother's interest in the Trust during her lifetime.
Our careful review of the record has convinced us that the trial court was correct in its application of the law to the facts of this case and that its judgment is consistent with the great weight of the evidence. Clark v. Albertville NursingHome, Inc., 545 So.2d 9 (Ala. 1989); and Payne v. Carver,534 So.2d 566 (Ala. 1988). Therefore, the judgment appealed from is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] Article IX of Marvin Tillis's will provides, in part: "Notwithstanding any and all of the other provisions of this Will, if any beneficiary shall object to the probate of my Will, or in any manner, directly or indirectly, contest or aid in contesting my Will, . . ., then he or she shall be deemed to have predeceased me for the purposes of this Will, and any and all provisions herein contained for his or her benefit shall be void and of no effect. . . ."
[2] On May 13, 1987, subsequent to the settlement of the will contest case, David Johnston, Marvin Tillis's lawyer, who had drafted Marvin Tillis's will and the trust provision contained therein, wrote the following letter to the co-executors of the estate:
 "During the recent will contest proceedings, there was some discussion as to the meaning of Paragraph F of Article IV of the Last Will and Testament of M.L. Tillis. Apparently, Angela Adams and Beverly Adams took the position . . . that any income interest they received as a trust beneficiary as a result of the application of Paragraph F entitled them to a greater interest than their mother, Frances T. Adams, would have received as a trust beneficiary.
 "I discussed Paragraph F with Mr. M.L. Tillis when he signed his Will. Mr. Tillis was concerned that any inheritance he would leave [Frances] would go to creditors if she was in bankruptcy or had major creditor problems. The intent of Paragraph F as expressed by Mr. M.L. Tillis to me was to convey to his granddaughters, Angela Adams and Beverly Adams, any rights to property that his daughter, Frances T. Adams, otherwise would have taken had she not been in bankruptcy or had not been subject to material creditor claims. If it was determined by the Executors that Frances T. Adams should not take under the Will through application of Paragraph F of Article IV, then Paragraph F was intended to convey whatever interest in the estate or the trust she had over to her daughters, Angela Adams and Beverly Adams.
 "As a trust beneficiary of the Marvin L. Tillis Family Trust created in Article IV of the Will, Frances T. Adams had a right to a percentage of the trust income for her lifetime. She had no rights to trust principal except to the extent that the trustee saw fit to distribute principal to her or to her family for medical needs or financial hardship under Paragraph B of Article IV. Upon her death, the income interest to Frances T. Adams would terminate. Thus, her income interest in the trust was measured by her lifetime. Mr. Tillis desired that her income interest be shifted to her daughters and that perhaps when Frances T. Adams was in a position to receive income, her daughters would give her some out of their increased trust income share. However, Mr. Tillis did not desire that the granddaughters, Angela Adams and Beverly Adams, take a greater interest in the estate or trust than their mother had. Therefore, upon Frances T. Adams's death, the trust income interest would terminate and the income interest of Angela Adams and Beverly Adams in the Family Trust would therefore decrease to that extent with such interest being prorated among all beneficiaries including Angela Adams and Beverly Adams. This is precisely why Paragraph F of Article IV conveys 'any rights she may have' to the granddaughters and nothing more. . . . .
 "In summary, to give the daughters of Frances T. Adams a greater interest than she had under the Will would defeat the intent of the Testator, Marvin L. Tillis. Any interpretation of Paragraph F of Article IV that conflicts with the above interpretation would do just that. It would further contradict what I intended Paragraph F to mean when I drafted it."